[No. 16271-1-III.    Division Three.    March 24, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT LEE ROOSE, JR., *Appellant*.

514

*Paul J. Wasson*, for appellant.

*John G. Wetle, Prosecuting Attorney*, for respondent.

KURTZ, A.C.J. — Robert L. Roose pleaded guilty to burglary and nine counts of theft of a firearm. Each firearm was charged as a separate count giving Mr. Roose an offender score of nine. Mr. Roose appeals, contending: (1) his firearm convictions constituted the "same criminal conduct" and should have been counted as one current offense for sentencing, and (2) he should have been convicted of attempted theft of firearms. The State argues the theft of a firearm statute, which states "[e]ach firearm taken in the theft under this section is a separate offense," acts as an antimerger provision requiring the court to count the theft of each firearm as a separate current offense even if they encompass the same criminal conduct. We disagree and remand for a ruling by the trial court whether the nine counts of theft of a firearm constituted the same criminal conduct and should have been counted as one current offense for sentencing. We further decide Mr. Roose was properly convicted of the crimes of theft of firearms. Mr. Roose's convictions for nine counts of theft of a firearm are affirmed.

## FACTS

Robert L. Roose and Elmer Ingram burglarized Clark's

All Sports sporting goods store in Colville, Washington. Mr. Roose and Mr. Ingram placed 23 assorted handguns from the store in two duffel bags and tried to exit the store. A Colville police officer and a Stevens County Deputy Sheriff responded to the store's silent alarm and were waiting for the burglars. They apprehended Mr. Roose as he exited the store without incident. Mr. Ingram, however, refused to surrender and shot and injured the deputy sheriff. He was killed by the officers.

Mr. Roose was charged with one count of first degree burglary, RCW 9A.52.020(1)(a) and (b), with deadly weapon allegations pursuant to RCW 9.41.010. Thereafter, the State was allowed to amend the information adding nine counts of theft of a firearm. This was part of a plea bargain whereby Mr. Roose agreed to enter a plea of guilty to all 10 counts, in exchange for the State's agreement not to file charges on the other 14 guns. Mr. Roose asked for an exceptional sentence downward which was denied. Based on his offender score and the deadly weapon enhancement, Mr. Roose was sentenced to 176 months on the burglary and 102 months on the firearm counts, all to run concurrently. This appeal follows.

## ANALYSIS

Did the nine convictions charging a separate theft of a firearm in each count constitute the "same criminal conduct" for sentencing under RCW 9.94A.400(1)(a)? Mr. Roose contends the nine counts all constituted the "same criminal conduct" and should have added only one current offense to the burglary count, substantially reducing his offender score. In response, the State contends the primary purpose of RCW 9A.56.300(3) is to increase penalties for crimes involving firearms. The State asks us to read that statute together with RCW 9.94A.400(1) and conclude the theft of each gun is not only a separate offense but adds additional current offenses to an offender score.

The court is required to determine the offender score

and sentence ranges of a defendant convicted of two or more current offenses by using all other current and prior convictions as prior convictions. RCW 9.94A.400(1)(a). If some or all of the current offenses encompass "the same criminal conduct," however, the court counts these offenses as one crime. RCW 9.94A.400(1)(a).

The statute defines "same criminal conduct" as "two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.400(1)(a). If one of these elements is missing, the multiple offenses do not encompass the same criminal conduct and, therefore, must be counted separately in calculating the offender score. *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992). The trial court's determination of what constitutes the same criminal conduct for purposes of calculating an offender score will be reversed only for an abuse of discretion or misapplication of the law. *State v. Burns*, 114 Wn.2d 314, 317, 788 P.2d 531 (1990).

Mr. Roose maintains the nine counts of theft of a firearm constitute the "same criminal conduct" because he had the same criminal intent (steal firearms), committed the crimes at the same time and place, and involved the same victim (Clark's All Sports). However, the theft of a firearm statute, RCW 9A.56.300(3), clearly states: "[e]ach firearm taken in the theft under this section is a separate offense." The State argues this language acts as an antimerger provision requiring the court to count the theft of each firearm as a separate current offense even if they encompass the same criminal conduct.

The State asks us to look for guidance to *Lessley* which involved the impact of the Sentencing Reform Act of 1981, specifically RCW 9.94A.400, upon the burglary antimerger statute. The issue in *Lessley* was whether the "same criminal conduct" language of RCW 9.94A.400 conflicted with and perhaps implicitly overruled that part of the burglary antimerger statute that provided that a crime committed in the commission of a burglary could be punished separately from the burglary.

In *Lessley*, the Supreme Court recognized that there was an apparent conflict between the two statutes. The court resolved the conflict by first looking to the legislative intent of the Sentencing Reform Act, which the court identified as proportionality, and thereafter, applied what it characterized as well-recognized rules of statutory construction. The court held the antimerger statute gives the sentencing judge discretion to punish for burglary even where it and an additional crime encompass the same criminal conduct. This approach, the court noted, harmonizes the apparently conflicting statutes and allows the more specific statute, the burglary antimerger statute, to control over the more general sentencing statute. *Lessley*, 118 Wn.2d at 780-82. Likewise, the State asks us to decide the more specific RCW 9A.56.300(3) controls over the more general RCW 9.94A.400(1).

There is an important difference between *Lessley* and the case before us. The burglary antimerger statute deals with both sentencing (may be punished therefor) and charging (may be prosecuted for each crime separately). Therefore, there was an apparent conflict between the part of the statute that dealt with sentencing and the language of RCW 9.94A.400, which does not provide for additional punishment for the "same criminal conduct." Consequently, it was necessary for the court in *Lessley* to conduct an analysis of legislative intent and to employ rules of statutory construction.

In the case before us, the applicable statute, RCW 9A.56.300(3), deals only with charging (each firearm taken in theft under this section is a separate offense). It does not speak to punishment or sentencing. Based solely upon the statutory language of RCW 9A.56.300(3) and RCW 9.94A.400(1)(a), there is no conflict. The conflict arises only if the court adopts the approach urged by the State, which is to look for legislative intent, identified as increasing punishment for crimes involving firearms, and determine that the application of RCW 9.94A.400(1)(a) frustrates this intent.

This approach is contrary to accepted principles of statutory construction. A statute is not subject to judicial interpretation where its language is plain, unambiguous, and well understood according to its natural and ordinary sense and meaning. *Bellevue Fire Fighters Local 1604 v. City of Bellevue*, 100 Wn.2d 748, 751, 675 P.2d 592 (1984); *State v. Lewis*, 86 Wn. App. 716, 717-18, 937 P.2d 1325 (1997). It is not the job of this court to rewrite these statutes so as to accomplish what is perceived to be a desirable result. *State v. Mollichi*, 132 Wn.2d 80, 87, 936 P.2d 408 (1997).

We remand the matter to the trial court for a ruling whether the nine theft of a firearm convictions constitute the "same criminal conduct" for sentencing under RCW 9.94A.400(1)(a). *State v. Maxfield*, 125 Wn.2d 378, 402, 886 P.2d 123 (1994).

We next turn to the issue of whether the nine convictions of theft of a firearm should have been attempted theft of firearms. Mr. Roose contends he should have been convicted only of attempted theft of a firearm in each instance.

██ ██ RCW 9A.56.300 provides the definition of theft of a firearm:

(1) A person is guilty of theft of a firearm if he or she commits a theft of any firearm.

. . . .

(3) Each firearm taken in the theft under this section is a separate offense.

(4) The definition of "theft" and the defense allowed against the prosecution for theft under RCW 9A.56.020 shall apply to the crime of theft of a firearm.

Under RCW 9A.56.020(a), "theft" is defined in part as "[t]o wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, with intent to deprive him of such property or services." To "wrongfully obtain" is also defined as having any property in one's possession, custody or control and to withhold or

appropriate it for use by one other than the true owner. RCW 9A.56.010(7)(c).

Mr. Roose contends he should have been charged only with attempted theft of a firearm. However, the record indicates he carried a duffel bag full of guns through the door of the store. He was arrested just outside the store. This would clearly be exerting unauthorized control over the property of the store. The crime of theft of a firearm was not just attempted, it was completed.

Mr. Roose's convictions for nine counts of theft of a firearm are affirmed. The matter is remanded to the trial court for resentencing.

SWEENEY and KATO, JJ., concur.