**FILED**
**JUNE 11, 2019**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35910-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MIGUEL ANGEL MONTENEGRO, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — The State convicted Miguel Montenegro of unlawful possession of

a firearm and rendering a false statement to law enforcement. On appeal, Montenegro

challenges his sentence. In a statement of additional grounds, Montenegro also

challenges his conviction for unlawful possession of a firearm. We affirm his conviction

and sentence, with some modifications to the sentence.

FACTS

On December 29, 2017, at 12:41 a.m., Kennewick Police Detectives Joshua Riley

and Juan Dorame observed a sports utility vehicle (SUV) driving in the lot of an

apartment complex with its headlights off. When the SUV turned into a city street, still

without headlights activated, the detectives stopped the vehicle. The officers identified

Sara Madrigal as the driver. A male passenger and a three-year-old child also occupied

the vehicle. Madrigal identified her passenger as Michael Nunez, while the passenger

provided a different name.  Detectives ultimately determined the passenger's true name

to be Miguel Montenegro, the father of the child.

Detectives arrested Miguel Montenegro for an outstanding warrant.  A search

incident to arrest revealed a holster attached to the waistband of Montenegro's pants.

Montenegro then exclaimed: "'Hey, it's not illegal to have a holster, is it?'"  Report of

Proceedings (RP) at 76.  Montenegro lacked an explanation for wearing a holster if he did

not possess a gun.  Based on the presence of the holster, Detectives Joshua Riley and

Juan Dorame suspected a gun's presence in the car.

Detective Joshua Riley questioned Sara Madrigal about whether Miguel

Montenegro had possessed a gun while in the car and if a gun was currently inside the

car.  Madrigal replied that, when the detectives stopped the SUV, Montenegro pulled an

object from his waistband and placed the object near the center console on the floor of the

driver's side.  Detective Riley next explicitly asked Madrigal if the vehicle had a gun

inside, to which she replied "yes."  RP at 81.

Based on Miguel Montenegro's holster and Sara Madrigal's statements, Detectives

Joshua Riley and Juan Dorame asked Madrigal to remove her child from the vehicle so

law enforcement could tow the SUV and obtain a search warrant for the car.  Two hours

later detectives executed the search warrant.  The search revealed a loaded 9mm Ruger

handgun under the driver-side floor mat near the center console, where Madrigal

indicated the gun could be found.  The gun fit the holster that Miguel Montenegro wore.

The Kennewick Police Department sent the handgun to the Washington State Patrol Crime Laboratory. Jeremy Phillips, a forensic scientist at the lab, could not locate any fingerprints on the gun. Phillips test fired the gun, and the handgun worked.

PROCEDURE

The State of Washington charged Miguel Montenegro with unlawful possession of a firearm in the first degree and making a false or misleading statement to a public servant. Prior to trial, Montenegro stipulated that he had a prior serious felony for purposes of the unlawful possession of a firearm charge. In order to bar evidence related to gang affiliations, Montenegro also stipulated to membership in a criminal street gang for purposes of community custody. Pursuant to the stipulation, trial defense counsel stated: "there are some issues that Ms. McRoberts [the State's attorney] and I spoke about last week that won't be coming in—gang affiliation and that kind of stuff." RP at 15.

At trial, Sara Madrigal denied telling the Kennewick police detectives of the presence of a gun in the car or that Miguel Montenegro pulled an object from his pants and hid it on the floor of the driver's side of the vehicle. Madrigal further testified that she owned the gun and that she purchased the firearm at a yard sale.

A jury convicted Miguel Montenegro of both crimes. The trial court sentenced Montenegro to 34 months' confinement for the firearm charge and 364 days' confinement for making a false statement charge. The sentences run concurrently. The

court also imposed twelve months of community custody, because of Montenegro's gang

membership, and a $200 criminal filing fee.

LAW AND ANALYSIS

On appeal, Miguel Montenegro challenges features of his sentence. He seeks to

strike the one year of community custody imposed based on membership in a gang

organization and to strike the $200 filing fee.

Gang Membership

Miguel Montenegro contends that the record fails to establish his membership in a

gang organization such that his counsel performed ineffectively when stipulating to the

gang affiliation. He further argues that the trial court should have engaged him in a

colloquy to guarantee that he knowingly and intelligently stipulated to gang membership.

We disagree.

To demonstrate ineffective assistance of counsel, a defendant must make two

showings. First, the defendant must show that defense counsel's representation was

deficient, i.e it fell below an objective standard of reasonableness based on consideration

of all the circumstances. Second, a defendant must show that defense counsel's

representation prejudiced the defendant. This entails showing a reasonable probability

that, except for counsel's unprofessional errors, the result of the proceedings would have

been different. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995).

We engage in a strong presumption that counsel's performance was reasonable. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). When counsel's conduct can be characterized as legitimate trial strategy or tactics, the performance is not deficient. *State v. Kyllo*, 166 Wn.2d at 863.

Miguel Montenegro cannot prove either prong of the analysis for ineffective assistance of counsel. Montenegro argues counsel was deficient for stipulating to gang membership or affiliation despite the lack of evidence of such activity in the record. As the State responds, however, lack of evidence in the record does not mean the State could not have presented such evidence if Montenegro refused to stipulate to being a gang member. Montenegro never denied gang membership. We doubt defense counsel would stipulate to membership without a factual basis for the stipulation.

In addition to failing to show ineffective performance, Miguel Montenegro also cannot show prejudice. The State probably would have proved Montenegro to be a member of a criminal street gang if required to do so.

Miguel Montenegro also contends that the trial court should have conducted a colloquy before approving of the stipulation to gang membership. Nevertheless, Montenegro forwards no law in support of this contention. This court does not review errors alleged but not argued, briefed, or supported with citation to authority. RAP 10.3; *Valente v. Bailey*, 74 Wn.2d 857, 858, 447 P.2d 589 (1968); *Avellaneda v. State*, 167 Wn. App. 474, 485 n.5, 273 P.3d 477 (2012).

5

Miguel Montenegro argues, without assigning any error, that the State needed to establish his gang affiliation in order to validate the stipulation. He cites no authority in support of this contention.

Repealed Statute

Miguel Montenegro next complains that his judgment and sentence references an obsolete statute. He further contends that his trial counsel performed ineffectively by failing to prevent the erroneous reference. We do not address his claim of ineffective assistance of counsel because we remand for the substitution of the correct reference to the sentencing statute.

Miguel Montenegro notes his judgment and sentence references RCW 9.94A.545, a repealed statute, for his community custody condition. Former RCW 9.94A.545 (2008), *repealed by* LAWS OF 2008, ch. 231, § 57. The repealed statute prescribed terms of mandatory community custody for various circumstances. The repealed statute, however, was replaced by RCW 9.94A.701(3)(b). LAWS OF 2008, ch. 276, § 304 (last amendment before repeal and recodification); LAWS OF 2008, ch. 231, § 7 (replacement statutue); LAWS OF 2009, ch. 28, § 10 (first amendment after recodification). Similar to the repealed statute, the newer statute dictates that an individual who is a gang member and who is convicted of unlawful possession of a firearm must be sentenced to twelve months of community custody. RCW 9.94A.701(3)(b). Thus, any mistaken reference caused no harm to Montenegro. Montenegro alleges no prejudice.

6

Miguel Montenegro complains about the wrong reference, but does not seek any particular relief. The State concedes a scrivener's error and asks this court to remand to the sentencing court so the trial court can update the judgment and sentence to list the current statute. We grant this request.

## Criminal Filing Fee

Finally, Miguel Montenegro assigns error to the imposition of a $200 criminal filing fee as a financial obligation despite his indigency. Pursuant to *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), we agree. The State agrees that Montenegro should not be required to pay the fee.

## Statement of Additional Grounds

In a statement of additional grounds, Miguel Montenegro argues that the jury could not have convicted him of unlawful possession of a firearm because he lacked dominion and control over the weapon. In essence, Montenegro contends insufficient evidence supported his conviction for unlawful possession of a firearm.

Possession may be actual or constructive. *State v. Raleigh*, 157 Wn. App. 728, 737, 238 P.3d 1211 (2010). Constructive possession is established by showing that the defendant had dominion and control over the firearm. *State v. Murphy*, 98 Wn. App. 42, 46, 988 P.2d 1018 (1999). Dominion and control means that an item may be reduced to actual possession immediately. *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). Mere proximity to the firearm is insufficient. *State v. Raleigh*, 157 Wn. App. at

7

737. Knowledge of the presence of contraband, without more, is also insufficient to show dominion and control. *State v. Chouinard*, 169 Wn. App. 895, 899, 282 P.3d 117 (2012). We look to the totality of the circumstances to determine if the jury could reasonably infer dominion and control. *State v. Alvarez*, 105 Wn. App. 215, 221, 19 P.3d 485 (2001).

Miguel Montenegro emphasizes that Sara Madrigal made statements to the detectives that contradicted her statements at trial, but he states that none of the alleged statements were produced or used at trial. We disagree. The State questioned one detective in depth about his conversations with Madrigal.

Miguel Montenegro argues that Sara Madrigal owns the car, in which law enforcement found the handgun. He also highlights that, at trial, she also claimed ownership of the gun. But, the jury need not have accepted the trial testimony of Madrigal as the truth. The jury needed to make a credibility determination regarding the veracity of Madrigal's statement to police on the night of the arrest or her testimony at trial. The jury also heard evidence of the gun fitting the holster worn by Montenegro and his opportunity to secrete the gun as law enforcement officers stopped the vehicle, in which he rode.

## CONCLUSION

We remand for the sentencing court to substitute the citation of RCW 9.94A.701(3)(b) for the citation of former RCW 9.94A.545 with reference to the

mandatory community custody imposition. We also remand to the sentencing court to strike the $200 criminal filing fee obligation. Otherwise, we affirm the conviction and sentence of Miguel Montenegro.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_Fearing, J._
Fearing, J.

WE CONCUR:

_Lawrence-Berrey, C.J._
Lawrence-Berrey, C.J.

_Pennell, J._
Pennell, J.

9