10 P.3d 1101 (2000)
102 Wash.App. 949
STATE of Washington, Respondent,
v.
James Michael COMBS, Appellant.
No. 18523-1-III.
Court of Appeals of Washington, Division 3, Panel Two.
October 19, 2000.
*1102 Janet G. Gemberling, Spokane, for Appellant.
Kevin M. Korsmo, Andrew J. Metts, III, Deputy Pros. Attys., Spokane, for Respondent.
SCHULTHEIS, J.
James Combs appeals certain conditions of the community placement provision of his judgment and sentence, which was imposed after he pleaded guilty to two counts of second degree child molestation. Specifically, he opposes the conditions of unlimited polygraph examinations at his own expense and the prohibition on his use or possession of computers, film developing equipment, and weapons, other than a firearm. Although we affirm the conviction, we agree that certain conditions set forth in the post-release provisions of Mr. Combs's judgment and sentence need revision. Accordingly, we remand the case to the trial court for the necessary corrections that are consistent with this opinion.
Mr. Combs was originally charged with child molestation in the first degree in Spokane County Superior Court on June 10, 1998. The information was later amended to charge two counts of child molestation in the second degree for crimes that allegedly occurred in November 1993. Mr. Combs, while represented by counsel, entered into a plea agreement with the State, which was accepted by the trial court.[1]
Mr. Combs received a midrange standard sentence for his crimes. The judgment and sentence was filed on April 19, 1999. Since sex crimes were involved, Mr. Combs had to be monitored by the Department of Corrections (DOC) for a minimum of two years after his release from prison. Former RCW 9.94A.120(8)(b) (1993). In making its post-release supervision recommendation, the court relied, in part, on a presentence investigation (PSI) that had been compiled by the DOC.
Throughout the months of June and July 1999, Mr. Combs filed pro se motions relating to the statutory blood draw, an attempt to stay his sentence, as well as a motion to modify his sentence on two different occasions. The trial court denied all the motions. This appeal is limited to the trial court's June 10, 1999, denial of his motion to modify the judgment and sentence.
We are first asked to determine whether the trial court exceeded its statutory authority when it required Mr. Combs to submit to unlimited polygraph testing in order to monitor his compliance with the other conditions of community placement. Mr. Combs argues that the trial court erred when it ordered the polygraph examinations because the order does not state the purpose or limit the subject matter of the examinations. He maintains that the scope of the polygraph examination must be limited to the authorized purpose of monitoring his compliance with the court's order. State v. Riles, 135 Wash.2d 326, 342-43, 957 P.2d 655 (1998). Accordingly, he asks us to strike the questionable provision from the order. State v. Flores Moreno, 72 Wash.App. 733, 746, 866 P.2d 648 (1994).
Polygraph testing may be utilized to monitor compliance with the requirement of making reasonable progress in treatment or with other special conditions of community supervision. Riles, 135 Wash.2d at 342, 957 P.2d 655. One of the issues in Riles was *1103 whether the trial court exceeded its authority when it required the petitioners, who had been convicted of sex crimes, to submit to polygraph and plethysmograph testing during their period of community placement. Division One originally heard the Riles case and determined that although the challenged portion of the community placement order did not expressly limit the scope of the polygraph testing, a sufficient limitation was implicitly imposed, considering the context of the entire order. State v. Riles, 86 Wash. App. 10, 16-17, 936 P.2d 11 (1997), aff'd, 135 Wash.2d 326, 957 P.2d 655 (1998). Relying on Riles, we conclude that the language of Mr. Combs's judgment and sentence, taken as a whole, impliedly limits the scope of polygraph testing to monitor only his compliance with the community placement order and not as a fishing expedition to discover evidence of other crimes, past or present. While not discouraging the use of pre-printed sentencing forms, we want to take this opportunity to strongly encourage the parties to carefully tailor them to conform to the particular nuances of each case. Here, Mr. Combs's judgment and sentence should have explicitly contained the monitoring compliance language. As a policy matter, cautious attention to detail in the sentencing forms will serve to better inform offenders of their rights, insure protection of those rights, and prevent confusion amongst judges, defendants and community corrections officers regarding the applicable legal standard. See State v. Massey, 81 Wash.App. 198, 201, 913 P.2d 424 (1996).
Next, Mr. Combs maintains that the court's prohibition of his use of computers during community supervision is not authorized by statute and violates his First Amendment right to free speech and/or expressive conduct. As such, he asks that this condition be stricken. We disagree because the law in Washington states that a convicted defendant's constitutional rights during the period of community placement are subject to the infringements authorized by the Sentencing Reform Act of 1981, RCW 9.94A.120. Riles, 135 Wash.2d at 347, 957 P.2d 655 (citing State v. Ross, 129 Wash.2d 279, 287, 916 P.2d 405 (1996)).
In making its sentencing recommendation the trial court properly relied on a PSI report, which disclosed that Mr. Combs used a computer to show pornographic images to his female victims who were six and five years old at the time. He then required the young girls to pose with him in the same positions they had just viewed on the computer. Accordingly, we cannot say the trial court abused its discretion when it restricted Mr. Combs's use or possession of a computer during the 24 month community placement period. This prohibition appears to be a reasonable means to accomplish the needs of the state and public order. Riles, 135 Wash.2d at 347, 957 P.2d 655.
Mr. Combs also contends that the court's imposition of the condition of community supervision, which prohibits his use or possession of weapons is without statutory authority and should be stricken. We agree. The court's oral decision states only that Mr. Combs cannot possess or own firearms and/or ammunition. The term weapon is not used. However, the written condition of community placement states No use or possession of weapons or firearms or ammunition. (Emphasis added.)
Although the Sentencing Reform Act of 1981 contains a provision that does not allow a convicted felon to use or possess a firearm and/or ammunition, there is no such provision that allows the court to prohibit the use or possession of any other type of weapon. Accordingly, the court exceeded its authority when this term was included in the sentencing order.
Finally, Mr. Combs argues the court erred when it prohibited his use of film developing equipment during the period of community placement. He claims there was no relationship between the offenses for which he was convicted and the possession and/or use of film developing equipment. We disagree.
The evidence from the PSI, on which the court relied, in part, is quite to the contrary. The author of the PSI reports that Mr. Combs took movie pictures of the victims on at least four occasions. Under the circumstances of this case, the film development *1104 equipment prohibition for the duration of the community placement period is a valid restriction.
We affirm the conviction but remand the case to the trial court so that the conditions discussed above can be revised.
BROWN, A.C.J., and KATO, J., concur.
NOTES
[1] Mr. Combs also pleaded guilty at this same time to a case involving intimidation of a public servant. That conviction is not at issue in this appeal.