IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,       )
                           )     No. 69836-2-I
          Respondent,      )
                           )     DIVISION ONE
     v.                    )
                           )
BRODERICK RAY YOUNG,       )     UNPUBLISHED OPINION
                           )
          Appellant.       )     FILED: November 17, 2014
_____)

BECKER, J. — Broderick Young appeals his sentence as well as certain

community custody conditions. We remand for striking of some of the community

custody conditions, and we affirm the remainder of the sentence.

FACTS

On July 19, 2011, Young entered the house of a 63-year-old woman while

naked. He attacked her in the kitchen and attempted to pull her pants down. He

was overpowered by his victim who was able to push him into a china cabinet.

Young fled but was arrested by law enforcement a short distance from the

victim's home.

The State charged Young with attempted rape in the first degree and

burglary in the first degree. He pleaded guilty to both counts. On August 1,

2012, Young was sentenced to 110.25 months on the attempted rape and 34

months on the burglary charge, to run concurrently.

On appeal, Young seeks review of the propriety of his sentence and certain community custody conditions imposed by the court that will take effect upon his release from prison.

PROPRIETY OF SENTENCE

Young challenges the trial court's decision to sentence him separately for the attempted rape and the burglary instead of accepting his argument that the two offenses should be merged and counted as one offense.

Washington's antimerger statute states,

Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately.

RCW 9A.52.050.

This statute applies only to sentencing on current offenses, not to the scoring of prior convictions. State v. Williams, No. 89318-7, 2014 WL 5490401 (Wash. Oct. 30, 2014). Where it is applied to sentencing on current offenses, as it was here, it provides sentencing courts with discretion to punish a burglary separately, "even where it and an additional crime encompass the same criminal conduct." State v. Lessley, 118 Wn.2d 773, 781, 827 P.2d 996 (1992).

The State argued below that Young carried the "obligation" to prove a reason for not treating the burglary as a separate offense. Young contends that the court received the mistaken impression from the State's argument that application of the antimerger statute is mandatory rather than discretionary. He argues that because the court followed the State's sentencing recommendation

without indicating it understood that the State was mistaken, we must presume that the court did not apply the correct legal standard.

We review a discretionary sentencing decision for an abuse of discretion or misapplication of law. State v. Elliott, 114 Wn.2d 6, 17, 785 P.2d 440, cert. denied, 498 U.S. 838 (1990).

This is not a case where the trial court categorically refused to exercise discretion. Cf. State v. Grayson, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005). And it is not a case where the court was unaware of its discretion, as both parties' briefs and Young's oral argument made that clear. The court's remarks demonstrate the court's recognition that a decision had to be made about whether to apply the antimerger statute:

> I would find that the antimerger statute does apply, and that the sentencing range score therefore would be a two.
> I'm giving Mr. Young a range of 26 to 34 months on the Burg in the First Degree, and a range of up to 110 months on the Rape in the First Degree -- Attempted Rape in the First Degree.

We conclude that in counting the two offenses separately, the trial court did not misapply the law and did not abuse its discretion.

COMMUNITY CUSTODY CONDITIONS

Young claims that the trial court erred when it imposed community custody conditions 5, 7, 10, and 19.

A trial court is authorized to impose crime related prohibitions and affirmative conditions as part of a felony sentence. RCW 9.94A.505(8); State v. Warren, 165 Wn.2d 17, 32, 195 P.3d 940 (2008), cert. denied, 556 U.S. 1192 (2009).

Condition 5 prohibits Young from visiting "establishments whose primary business pertains to sexually explicit or erotic material." Condition 10 forbids Young from possessing drug paraphernalia. The State does not oppose Young's request to have these two conditions stricken. As they do not appear to be crime related, we accept the State's concession.

Condition 7 orders Young to never "date women or form relationships" without receiving prior approval from a community corrections officer. Young contends that this community custody condition prohibiting him from forming relationships or dating women is unconstitutionally vague.

We review vagueness challenges to community custody conditions under an abuse of discretion standard. State v. Sanchez Valencia, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010).

The Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution require that citizens have fair warning of proscribed conduct. State v. Bahl, 164 Wn.2d 739, 752, 193 P.3d 678 (2008). Community custody conditions that fail to provide ascertainable standards of guilt to protect against arbitrary enforcement are unconstitutionally vague. Bahl, 164 Wn.2d at 752; State v. Sansone, 127 Wn. App. 630, 638-39, 111 P.3d 1251 (2005). Because sentencing conditions are not laws enacted by the legislature, they are not afforded the same presumption of constitutionality as legislative enactments. Bahl, 164 Wn. App. at 753; Sanchez Valencia, 169 Wn.2d at 793. Nevertheless, "'a community custody condition is not unconstitutionally vague merely because a person cannot predict with complete certainty the exact point

4

at which his actions would be classified as prohibited conduct.'" Sanchez Valencia, 169 Wn.2d at 793 (internal quotation marks omitted), quoting State v. Sanchez Valencia, 148 Wn. App. 302, 321, 198 P.3d 1065 (2009).

When Young objected to condition 7 at sentencing, the State defended it on the ground that "contact with women generally is problematic for Mr. Young" and "this particular offense involved a woman." The State's sentencing memorandum quoted misogynistic statements Young made shortly after his arrest, including a remark that he "hated white bitches." The State argues on appeal that requiring Young to obtain approval before dating or forming a relationship with a woman would foster public safety.

Community custody conditions may require defendants to "perform affirmative conduct reasonably related to the circumstances of the offense, the offender's risk of reoffending, or the safety of the community." RCW 9.94A.703(3)(d). Defendants may also be ordered to refrain "from direct or indirect contact with the victim of the crime or a specific class of individuals." RCW 9.94A.703(3)(b).

In another context, we upheld as sufficiently specific a condition that ordered a defendant not to "'date women nor form relationships with families who have minor children'" without prior approval by a community corrections officer. State v. Kinzle, 181 Wn. App. 774, 785, 326 P.3d 870 (2014), review denied, No. 90538-0 (Wash. Nov. 5, 2014). We found the condition "reasonably crime-related and necessary to protect the public" because the defendant's crime involved children with whom he came into contact through a social relationship with their

5

parents. <u>Kinzle</u>, 181 Wn. App. at 785. In this case, Young's crime did not involve a woman with whom he had any kind of prior relationship. Under these circumstances, a general prohibition against forming relationships with women is not reasonably crime related, and it is too vague to provide fair warning to Young of exactly what conduct is prohibited and to protect against arbitrary enforcement. Condition 7 must be stricken.

Condition 19 requires Young to participate in polygraph examinations as directed by his community corrections officer. Young argues that the condition is overbroad and should have been limited to only such examinations as are necessary to monitor the other conditions of community custody. Courts have held that such a limitation is implicit. <u>See, e.g.</u>, <u>State v. Combs</u>, 102 Wn. App. 949, 952-53, 10 P.3d 1101 (2000). On remand, the limitation should be made explicit. "As a policy matter, cautious attention to detail in the sentencing forms will serve to better inform offenders of their rights, ensure protection of those rights, and prevent confusion among judges, defendants and community corrections officers regarding the applicable legal standard." <u>Combs</u>, 102 Wn. App. at 953.

The matter is remanded for striking of conditions 5, 7, and 10 and for limitation of condition 19. The sentence is otherwise affirmed.

_Becker, J._

WE CONCUR:

_Trickey, J_               _Jaw, J_

6