# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57463-2-II |
| Respondent, | |
| v. | |
| ERICK MIGUEL ROSALES, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, P.J. – Erick Rosales appeals the trial court's imposition of community custody conditions in his judgment and sentence for convictions of three counts of third degree child rape and one count of a sexual assault protection order violation.

We hold that (1) as the State concedes, the trial court erred when it imposed the condition prohibiting use of unauthorized electronic media; (2) the trial court erred when it imposed the condition requiring Rosales to submit to urine and/or breath screening at the direction of his community corrections officer (CCO); (3) as the State concedes, the trial court erred when it imposed the condition requiring Rosales to submit to polygraph examinations at the direction of his CCO without specifying that the purpose of the examinations was to ensure compliance with other conditions; (4) as the State concedes, the crime victim penalty assessment (VPA) and the DNA collection fee must be stricken.

Accordingly, we remand for the trial court to (1) strike from Rosales's judgment and sentence the community custody condition prohibiting use of unauthorized electronic media, the community custody condition requiring Rosales to submit to urine and/or breath screening at the

direction of the CCO, and the VPA and DNA collection fee; and (2) modify the community custody condition requiring Rosales to submit to polygraph examinations at the direction of his CCO by specifying that the purpose of the examinations is limited to ensuring compliance with other community custody conditions.

## FACTS

In July 2022, a jury found Rosales guilty of three counts of third degree child rape and one count of sexual assault protection order violation. The convictions arose from incidents in which Rosales had sex with a minor. There was no indication in the record that alcohol or controlled substances contributed to these offenses.

The trial court imposed 14 months of community custody on the three child rape convictions. The court's community custody conditions included the following:

> • No unauthorized use of electronic media
> . . . .
> • No possession or consumption of controlled substances without lawful prescription
> • Submit to urine and/or breath screening at the direction of the Community Corrections Officer
> • Submit to polygraph examinations at the direction of the Community Corrections Officer

Clerk's Papers (CP) at 107. There was no condition prohibiting the consumption of alcohol.

In addition, the court imposed the $500 VPA and a $100 DNA collection fee as legal financial obligations (LFOs).

Rosales appeals his judgment and sentence.

## ANALYSIS

A.      COMMUNITY CUSTODY CONDITIONS

Rosales argues that the trial court erred in imposing community custody conditions prohibiting use of unauthorized electronic media, requiring him to submit to urine and/or breath

screenings, and requiring him to submit to polygraph examinations. We agree that the first two conditions must be stricken and the third condition must be modified.

1.    Legal Principles

Under RCW 9.94A.703, a trial court may impose three forms of community custody conditions: mandatory, waivable, and discretionary. RCW 9.94A.703(2) states that the trial court shall order certain conditions unless waived. One of the waivable conditions is that the offender must "[r]efrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions." RCW 9.94A.703(2)(c).

RCW 9.94A.703(3)(f) states that the trial court has discretion to require an offender to "[c]omply with any crime-related prohibitions. Under RCW 9.94A.030(10), a "crime-related prohibition" is "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted." There must be a basis for connecting the condition to the crime. *State v. Geyer*, 19 Wn. App. 2d 321, 331, 496 P.3d 322 (2021).

We review de novo the sentencing court's statutory authority to impose a particular community custody condition. *State v. Houck*, 9 Wn. App. 2d 636, 646, 446 P.3d 646 (2019). Otherwise, we review community custody conditions for an abuse of discretion. *State v. Wallmuller*, 194 Wn.2d 234, 238, 449 P.3d 619 (2019). And determining whether community custody conditions are crime-related is discretionary, and a trial court does not abuse its discretion if there is a reasonable relationship between the crime of conviction and the condition. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 683-84, 425 P.3d 847 (2018). However, imposing an unconstitutional condition necessarily is an abuse of discretion. *Wallmuller*, 194 Wn.2d at 238

If we determine a sentencing court imposed an unauthorized condition on community custody, we remedy the error by remanding to the sentencing court with instruction to strike the unauthorized condition. *State v. O'Cain*, 144 Wn. App. 772, 775, 184 P.3d 1262 (2008).

a. Electronic Media Condition

Rosales argues, and the State concedes, that the community custody condition prohibiting use of unauthorized electronic media condition is improper because it is not related to the circumstances of offenses for which he was convicted. We agree.

Rosales's convictions had nothing to do with electronic media. Therefore, this condition is not crime related. We remand for the trial court to strike this condition from Rosales's judgment and sentence.

b. Urine and/or Breath Screening Condition

Rosales argues that the community custody condition requiring him to "[s]ubmit to urine and/or breath screening at the direction of the Community Corrections Officer," CP at 107, is unconstitutional because it invades his right to privacy. The State argues that because the court properly prohibited Rosales from using controlled substances, it may require him to submit to urinalysis and/or breath testing to monitor compliance with this prohibition. We agree with Rosales.

The community custody condition prohibiting use of nonprescription controlled substances is a waivable condition under RCW 9.94A.703(2)(c). Therefore, the trial court had authority to impose the condition even though it was not related to Rosales's underlying crimes. *See In re Pers. Restraint of Brettell*, 6 Wn. App. 2d 161, 173, 430 P.3d 677 (2018). Rosales does not challenge the imposition of this condition.

The trial court necessarily has the ability to enforce statutorily authorized community custody conditions. *State v. Vant*, 145 Wn. App. 592, 604, 186 P.3d 1149 (2008). Therefore, imposing a urine/breath screening condition to ensure compliance with other conditions generally is not an abuse of discretion. *Id.*

However, the State concedes that the urine/breath screening condition should specify that its purpose is only to monitor compliance with the prohibition against consumption of controlled substances. The trial court did not impose a condition prohibiting Rosales from consuming alcohol. And there is no indication that breath screening can assist in monitoring compliance with the prohibition against consumption of controlled substances. Therefore, we conclude that imposition of the breath screening condition constituted an abuse of discretion.

The more significant question here involves the urine screening condition, and the issue is not whether the condition is an abuse of discretion. The issue is whether the urine screening condition is unconstitutional. As noted above, imposing an unconstitutional condition is an abuse of discretion. *Wallmuller*, 194 Wn.2d at 238.

Urine testing is a search that implicates privacy interests under article I, section 7 of the Washington Constitution. *State v. Olsen*, 189 Wn.2d 118, 122-24, 399 P.3d 1141 (2017). A person on probation has less constitutional privacy protection than other citizens. *Id.* at 124. However, "this does not mean that they have no privacy rights at all in their bodily fluids." *Id.* at 125.

In *Olsen*, the trial court required an offender on probation after being convicted of driving under the influence (DUI) to submit to random urinalysis testing to ensure compliance with conditions prohibiting consumption of alcohol or for controlled substances. *Id.* at 121. The court stated that even though probationers have a reduced expectation of privacy, random drug

testing is only lawful where it is narrowly tailored to meet a compelling state interest. *Id*. at 127-28. The court upheld the condition under the facts of that case because the State had a compelling interest in supervising DUI probationers, and the random urinalysis was narrowly tailored to meet that interest. *Id.* at 128, 134.

An important basis for the court's holding in *Olsen* was that the offender was convicted of DUI, and the State had a compelling interest in monitoring DUI offenders to assess their progress toward rehabilitation. *Id.* at 128-29. In addition, the court stated, "Olsen was convicted of DUI, a crime involving abuse of drugs and alcohol. A probationer convicted of DUI can expect to be monitored for consumption of drugs and alcohol." *Id.* at 133.

Unlike the offender in *Olsen*, Rosales was not charged with a drug-related offense. And nothing in the record indicates that controlled substances contributed to Rosales's offense. Therefore, we cannot conclude that this community custody condition was narrowly tailored to achieve a compelling state interest.

Accordingly, we remand for the trial court to strike the urine and/or breath screening community custody condition from Rosales's judgment and sentence.

c. Polygraph Condition

Rosales argues that the community custody condition requiring Rosales to "[s]ubmit to polygraph examinations at the direction of the Community Corrections Officer," CP at 107, violates the Fifth Amendment unless modified to limit the condition to monitoring compliance with other community custody conditions. The State concedes that condition should contain language specifying that the purpose of the polygraph testing must be limited to monitoring compliance with other community custody conditions. We agree.

"A trial court has authority to impose monitoring conditions such as polygraph testing." *State v. Riles*, 135 Wn.2d 326, 342, 957 P.2d 655 (1998), *abrogated on other grounds by State v. Sanchez Valencia*, 169 Wn.2d 782, 239 P.3d 1059 (2010). However, polygraph testing should be limited to monitoring the offender's "compliance with the community placement order and not as a fishing expedition to discover evidence of other crimes, past or present." *State v. Combs*, 102 Wn. App. 949, 953, 10 P.3d 1101 (2000). The judgment and sentence should explicitly contain this monitoring compliance language. *Id.*

Accordingly, we conclude that the community custody condition be modified to contain language limiting the purpose of the polygraph testing to monitoring compliance with other community custody conditions.

B.    IMPOSITION OF LFOS

Rosales argues, and the State concedes, that the $500 VPA and the $100 DNA collection fee should be stricken under the recent statutory amendments. We agree.

Effective July 1, 2023, RCW 7.68.035(4) prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3). *See State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023). Effective July 1, 2023, LAWS OF 2023, ch. 449, § 4, eliminated the $100 DNA collection fee for all defendants. *Ellis*, 27 Wn. App. 2d at 17. Although these amendments took effect after Rosales's sentencing, it applies to cases pending on appeal. *Id.* at 16.

RCW 10.01.160(3) states that a defendant is indigent if they meet the criteria in RCW 10.101.010(3)(a) through (c). The trial court found that Rosales was indigent as defined in RCW 10.101.010(3)(a)-(c). Therefore, the $500 VPA must be stricken from Rosales's judgment and sentence. And the DNA collection fee also must be stricken.

CONCLUSION

We remand for the trial court to (1) strike from Rosales's judgment and sentence the community custody condition prohibiting use of unauthorized electronic media, the community custody condition requiring Rosales to submit to urine and/or breath screening at the direction of the CCO, and the VPA and the DNA collection fee; and (2) modify the community custody condition requiring Rosales to submit to polygraph examinations at the direction of the CCO by specifying that the purpose of the examinations is limited to ensuring compliance with other community custody conditions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

VELJACIC, J.

CHE, J.