IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40270-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| EUGENE KLIEWER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Eugene Kliewer challenges several of his community custody conditions and raises four arguments in his statement of additional grounds for review. We remand for the trial court to strike or modify various conditions, and we reject Kliewer's pro se arguments.

FACTS

Eugene Kliewer pleaded guilty to possession of depictions of minors engaged in sexually explicit conduct in the first degree and unlawful possession of a firearm in the first degree. The trial court granted him an exceptional mitigated sentence of 41 months with credit for 29 months, together with 36 months of community custody.

The community custody conditions include the following:

> [(a)](5)  Pay supervision fees as determined by the Department of Corrections;
> . . . .
> [(b)](12)  Submit to urinalysis and breathalyzer testing as directed.
> . . . .
> [(b)](18)  Submit to searches of your person, residence, and vehicle by the community corrections officer to monitor compliance.
> [(b)](19)  Must submit to searches of cell phone and any other electronic devices to include computer as directed by assigned community corrections officer to monitor compliance.
> . . . .
> [(b)](23)  Submit to polygraph testing upon the request of your therapist and/or Community Corrections Officer, at your own expense.
> [(b)](24)  Inform the Community Corrections Officers of any romantic relationships to verify there are no minor aged children involved.

Clerk's Papers (CP) at 132-33.

ANALYSIS

Kliewer challenges the above community custody conditions.  While some of his challenges assert the conditions lack statutory authority, other challenges assert the conditions are unconstitutional.

We review a trial court's community custody conditions for an abuse of discretion. *State v. Johnson*, 197 Wn.2d 740, 744, 487 P.3d 893 (2021).  Discretion is abused if it is exercised on untenable grounds or for untenable reasons.  *Id.*

The trial court can impose only community custody conditions authorized by statute.  *State v. Charlton*, 23 Wn. App. 2d 150, 169, 515 P.3d 537 (2022).  We review a

trial court's statutory authority to impose a particular community custody condition de novo. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). A trial court's imposition of a statutorily unauthorized condition is an abuse of discretion. *State v. Geyer*, 19 Wn. App. 2d 321, 326, 496 P.3d 322 (2021). Similarly, a trial court's imposition of an unconstitutional condition is an abuse of discretion. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018).

*Supervision fees*

Kliewer argues, and the State agrees, that the trial court erred when, in condition (a)(5), it required Kliewer to pay Department of Corrections supervision fees. RCW 9.94A.703(2). We direct the trial court to strike that condition.

*Urinalysis and breathalyzer testing*

Kliewer argues the trial court exceeded its authority when, in condition (b)(12), it imposed a suspicionless breath/urinalysis testing requirement. He argues the condition is not statutorily authorized because it is unrelated to the crime of conviction, and the condition is unconstitutional because it violates his privacy interests under article I, section 7 of the Washington Constitution. Kliewer acknowledges that his argument is inconsistent with our unpublished opinion, *State v. Nelson*, No. 39110-8-III (Wash. Ct. App. Feb. 13, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/391108_

3

unp.pdf, *aff'd*, No. 102942-0 (Wash. Mar. 27, 2025), https://www.courts.wa.gov/

opinions/pdf/1029420.pdf, but he raises it on appeal to preserve the issue.

Our Supreme Court recently affirmed our unpublished opinion and held that such

testing is lawful to monitor compliance with a statutorily authorized condition and is not

an unconstitutional invasion of privacy because it was narrowly tailored to achieve a

compelling government interest. *Nelson*, No. 102942-0, slip op. at 10-12, 27.

Here, the trial court prohibited Kliewer from consuming controlled substances

except as lawfully prescribed, but it did *not* prohibit him from consuming alcohol. We

affirm condition (b)(12) insofar as it requires Kliewer to submit to urinalysis testing, but

we reverse and direct the trial court to strike "breathalyzer" from this challenged

condition.

*Community custody officer (CCO) searches*

Kliewer challenges the constitutionality of suspicionless searches by his CCO,

seemingly authorized by conditions (b)(18) and (b)(19). The State concedes that the

challenged conditions are unconstitutional as written but notes that the CCO would be

bound by RCW 9.94A.631(1)'s requirement that any search be justified by reasonable

cause. We direct the trial court to modify both conditions to conform to the reasonable

cause requirement codified in RCW 9.94A.631(1).

No. 40270-3-III
*State v. Kliewer*

*Polygraph fees and examinations*

Kliewer argues, and the State agrees, that the trial court erred in condition (b)(23) by requiring Kliewer to pay for polygraph testing (because such testing is a type of community supervision cost)[1] and by not limiting the scope of polygraph testing.  We direct the trial court to (1) strike the requirement that Kliewer pay for polygraph testing and (2) limit such testing to monitoring Kliewer's compliance with his community custody conditions.  *State v. Combs*, 102 Wn. App. 949, 952, 10 P.3d 1101 (2000).

*Romantic relationships*

Kliewer argues, and the State agrees, that condition (b)(24)'s requirement to inform his CCO of any "romantic relationships" is unconstitutionally vague.  CP at 132. We direct the trial court to strike "romantic" and insert "dating" to satisfy constitutional vagueness concerns.  *State v. Peters*, 10 Wn. App. 2d 574, 591, 455 P.3d 141 (2019).

STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Kliewer raises four issues in his statement of additional grounds for review (SAG). He first contends no complaint was filed establishing probable cause for his arrest and asks this court to make a probable cause finding.  An affidavit of probable cause is contained in this court's record, and the affidavit attaches multiple sworn police

---

[1] *State v. Núñez*, No. 57707-1-II, slip op. at 5 (Jan. 30, 2024) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2057707-1-II%20Unpublished% 20Opinion.pdf.

5

narratives.  At least one narrative mentions a warrant being signed for Kliewer's arrest.  We are unclear why he asks this court to make a probable cause finding.

Kliewer next contends that the trial court did not have jurisdiction over this case because a district court filing was never made.  Kliewer cites Washington Constitution article XXVII, section 8, which addresses how cases were to be transferred from federal district courts to state superior courts by virtue of Washington transitioning from a federal territory to a state.  This constitutional provision has no bearing here.

Kliewer next contends that the trial court failed to timely arraign him as required under CrR 4.1(a)(1).  This rule requires the superior court to arraign the defendant no later than 14 days after the date the information is filed only if the defendant is "(i) detained in the jail of the county where the charges are pending or (ii) subject to conditions of release imposed in connection with the same charges."  CrR 4.1(a)(1).  At the time the information was filed against Kliewer in Adams County, the record indicates he was serving a separate prison sentence for charges filed in Pierce County.  While Kliewer was not arraigned until October 23, 2023, which was well beyond the date the information was filed, Kliewer has not demonstrated he was detained in Adams County jail or that the 14-day time period was triggered.

Lastly, Kliewer contends his trial counsel was ineffective in its "[f]ailure to produce the adjudicative fact [sic] in this matter."  SAG at 5.  Under RAP 10.10(c), this

6

court "will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors." Kliewer has not informed this court of the nature and occurrence of the stated error; therefore, we will not consider Kliewer's fourth ground.

Remand to strike or modify community custody conditions.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, C.J.

WE CONCUR:

_____          _____
Fearing, J.                                                      Murphy J.