[No. 57845-1. En Banc. April 9, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. DALLAS L. LESSLEY, *Petitioner.*

*Eric Broman* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney, Theresa Fricke, Senior Prosecuting Attorney,* and *Michele Shaw, Deputy,* for respondent.

DOLLIVER, J. — Defendant Dallas Lessley challenges a Court of Appeals decision affirming the calculation of his offender score and sentence. He argues two of his offenses encompassed the same criminal conduct, and should therefore have been treated as one crime at sentencing. Additionally, Lessley asks this court to address the interaction between the burglary antimerger statute and the "[s]ame criminal conduct" provision of the Sentencing Reform Act of 1981 (SRA) (RCW 9.94A.400(1)(a)). Lessley contends once multiple counts have been found to encompass the same criminal conduct, a trial court cannot, by applying the burglary antimerger statute, count those crimes separately when calculating an offender score.

On the night of July 26, 1988, George and Janette Thomas, along with their daughter, Dorothy Olson, were asleep in the Thomases' Seattle home. Shortly before midnight, they were awakened by the sound of someone pounding on the front door. When Mr. Thomas investigated, he discovered Dallas Lessley, his daughter's ex-boyfriend, outside the door. Mr. Thomas asked him to leave, but Lessley continued to bang on the door and finally broke it down. He burst into the house, brandishing a .22 caliber revolver, and demanded to see Ms. Olson.

As Mr. Thomas slipped out of the house to call the police, the defendant ordered Ms. Olson and Mrs. Thomas into Ms. Olson's car. He told Ms. Olson to drive, and forced Mrs. Thomas to accompany them, threatening to shoot her if she refused.

The defendant instructed Ms. Olson to drive to a house in Maple Valley. When they arrived, Lessley ordered Mrs. Thomas out of the car at gunpoint. He then drove toward North Bend, stopped the car, and assaulted Ms. Olson, also threatening to shoot her.

The defendant and Ms. Olson then picked up Mrs. Thomas at the Maple Valley house and returned her home. Lessley, however, left with Ms. Olson for another house in White Center, where police shortly arrested him.

On October 14, 1988, Lessley pleaded guilty to four counts: count 1, burglary in the first degree (deadly weapon); count 2, kidnapping in the second degree (for the abduction of Mrs. Thomas); count 3, kidnapping in the first degree (for the abduction of Ms. Olson with intent to facilitate an assault); and count 4, intimidating a witness.

At sentencing, Lessley argued counts 1 and 3 — the burglary and the first degree kidnapping — encompassed the same criminal conduct because he entered the Thomas home intending to take Ms. Olson away with him. Therefore, he contended, the two crimes should be counted as one in calculating his offender score and sentence. The trial court disagreed, finding the burglary was completed when Lessley broke in and assaulted the Thomases and Ms. Olson, and the kidnappings were separate crimes. The court therefore concluded the offenses did not encompass the same criminal conduct and counted each crime separately in calculating Lessley's offender score. The court's calculation resulted in a presumptive sentence range for the first degree kidnapping of 149 to 198 months (as opposed to 108 to 144 months, had the court accepted Lessley's argument). The court imposed 159 months for the first degree kidnapping, along with 97 months for the burglary, 82 months for the second degree kidnapping, and 56 months for the intimidating charge, all to run concurrently.

The Court of Appeals affirmed. Judge Forrest's lead opinion reasoned the burglary antimerger statute allows a sentencing judge discretion to punish, separately, a crime committed during a burglary regardless of whether it and the burglary encompassed the same criminal conduct. *State v. Lessley*, 59 Wn. App. 461, 464-65, 798 P.2d 302 (1990). Judges Baker and Grosse concurred in the result but rejected the burglary antimerger rationale. They simply found Lessley's crimes did not encompass the same criminal conduct, so it was correct to count them separately in calculating his offender score. *Lessley*, at 467-69 (Baker, J., concurring).

We affirm the trial court and Court of Appeals, which correctly found Lessley's convictions for first degree burglary and first degree kidnapping did not encompass the same criminal conduct.

I

RCW 9.94A.400(1)(a), at issue in this case, provides:

[W]henever a person is to be sentenced for two or more current offenses, the sentence range for each current offense shall be determined by using all other current and prior convictions as if they were prior convictions for the purpose of the offender score: *Provided,* That if the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime. . . .

In 1987, the Legislature amended the statute, adding the following:

"Same criminal conduct," as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim.

*See* Laws of 1987, ch. 456, § 5, p. 1980.

■ In *State v. Collicott* (*Collicott* II), 118 Wn.2d 649, 667-68, 827 P.2d 263 (1992) we reaffirmed the test, first advanced in *State v. Dunaway,* 109 Wn.2d 207, 743 P.2d 1237 (1987), which focuses on the extent to which a defendant's criminal intent, as objectively viewed, changed from one crime to the next. Under that test, if one crime *furthered* another, and if the time and place of the crimes remained the same, then the defendant's criminal purpose or intent did not change and the offenses encompass the same criminal conduct. *See Dunaway,* 109 Wn.2d at 215; *Collicott* II, at 667-68. We have also held crimes affecting more than one victim cannot encompass the same criminal conduct. *Dunaway,* 109 Wn.2d at 215.

In both *Dunaway* and *Collicott*, we declined to apply the 1987 statutory amendment because the criminal conduct at issue preceded the amendment's effective date. However, the *Dunaway* test, reaffirmed in *Collicott* II, is entirely consistent with the statutory test set out in the 1987

amendment to the "[s]ame criminal conduct" provision. Taken together, RCW 9.94A.400(1)(a) and *Dunaway* require three elements: the same objective criminal intent (which can be measured by determining whether one crime furthered another), the same time and place, and the same victim. If any one element is missing, multiple offenses cannot be said to encompass the same criminal conduct, and they must be counted separately in calculating the offender score. *See* Note, *The "Same Criminal Conduct" Exception of the Washington Sentencing Reform Act: Making the Punishment Fit the Crimes — State v. Collicott, 112 Wash. 2d 399, 771 P.2d 1137 (1989),* 65 Wash. L. Rev. 397, 402-03 (1990).

In this case, the objective intent of Lessley's burglary was completed when he broke into the Thomas residence armed with a deadly weapon. The concurring opinion ascertained Lessley's objective intent as follows:

> Crimes which he *objectively* intended to commit [in the Thomas residence] included the property damage caused when he broke in, the assault against Mr. Thomas, and the assaults against Mrs. Thomas and his former girl friend, Dorothy Olson. His subjective intent is irrelevant, and we would only be speculating to assume that that subjective intent was to kidnap and [assault] his former girl friend. He may initially only have intended to confront her.

(Footnote omitted. Italics ours.) *Lessley,* 59 Wn. App. at 468-69 (Baker, J., concurring). Objectively viewed, then, Lessley's criminal intent changed when he moved from the burglary to the kidnapping; the former did not further the latter. Under the *Dunaway* test, the burglary and kidnapping are not the same criminal conduct because the intent was not the same for both crimes.

Additionally, the "same time and place" element is unmet in this case. The burglary occurred in Seattle, in the Thomases' home, while the first degree kidnapping was carried out over several hours' time in Seattle, Maple Valley, North Bend, and White Center. The burglary and the kidnapping were not confined to the same time and place.

▮ Finally, in this case, the burglary and the first degree kidnapping claimed more than one victim. The defendant

urges us to accept the argument that Ms. Olson was the "central" victim, and therefore, even though her parents were involved, the multiple offenses can be found to encompass the same criminal conduct. We reject the central victim concept advanced here by defendant and in previous cases. *See State v. Collicott (Collicott I)*, 112 Wn.2d 399, 409, 771 P.2d 1137 (1989). The current version of RCW 9.94A-.400(1)(a) mandates multiple crimes affecting multiple victims are not to be considered the same criminal conduct. Ms. Olson *was* a single victim in the kidnapping, but the burglary victimized Mr. and Mrs. Thomas as well. They, too, were asleep in their home when Lessley pounded on the door in the middle of the night, and they were present when he barged in brandishing a revolver. Because more than one victim was involved in the burglary, it was not the same criminal conduct as the kidnapping.

The calculation of Lessley's offender score and sentence by the trial court is upheld.

## II

Lessley also argues sentencing courts should not have discretion to apply the burglary antimerger statute after there has been a finding that multiple current convictions encompass the same criminal conduct. Even though we have found Lessley's crimes did not encompass the same criminal conduct and thus affirm the Court of Appeals, because the lead opinion relied on the burglary antimerger statute to uphold Lessley's sentence (*Lessley*, 59 Wn. App. at 464-65), we will discuss the applicability of the statute. This discussion is particularly appropriate because in a case decided on the same day as *Lessley* the identical 3-judge panel analyzed RCW 9.94A.400 in conjunction with the burglary antimerger statute and reached the opposite result. *State v. Dunbar*, 59 Wn. App. 447, 798 P.2d 306 (1990).

RCW 9A.52.050, the burglary antimerger statute, provides:

> Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as

for the burglary, and may be prosecuted for each crime separately.

In *State v. Dunbar, supra,* the defendant broke into his former girl friend's house while armed with a hunting knife. He waited for her to come home and then attacked her, tied her up, put her in the trunk of his car, and drove off with her. Dunbar was convicted of first degree burglary and kidnapping. The majority in *Dunbar* found the burglary furthered the kidnapping. It also found the abduction occurred at the same time and place as the burglary, and to the same victim, so the burglary and the kidnapping encompassed the same criminal conduct. *Dunbar,* 59 Wn. App. at 455.

The *Dunbar* court held the burglary antimerger statute could be harmonized with the "same criminal conduct" provision of the SRA. Under the *Dunbar* analysis, the antimerger statute would always permit both the burglary and any additional crimes committed during the burglary to be *charged,* but both could be *punished* only if they did not encompass the same criminal conduct. *Dunbar,* 59 Wn. App. at 456.

Lessley asks this court to adopt the *Dunbar* approach and ignore the burglary antimerger statute with respect to punishment but enforce it with respect to charging. He argues the antimerger statute's permissive "may" supports such an application. Additionally, he points out, the SRA does not mention the antimerger statute, and therefore the two provisions must function independently.

In Lessley's favor is the Sentencing Guidelines Commission's lone example of offenses encompassing the same criminal conduct — second degree burglary and possession of goods stolen on the same burglary. *See* Note, 65 Wash. L. Rev. at 402, 407 (citing Sentencing Guidelines Comm'n, Motion 84-368 Minutes (Jan. 6, 1984)). In his treatise on sentencing, Professor Boerner notes such an example not only supports a narrow construction of the same criminal conduct provision, but also repeals the burglary antimerger statute by implication because of the inconsistency

between the two statutes. He concludes burglary should not require special treatment at sentencing:

> In practice the results produced by including burglary within the encompassing rule will be consistent with the intent of the [SRA]. The most frequent crime occurring in the course of a burglary is theft, and that purpose was considered in assigning a seriousness level to burglary and in scoring multiple burglary convictions to arrive at an offender score. When a more serious crime, such as homicide or rape, is committed in the course of a burglary, the seriousness of the crime is reflected in the sentence range applicable to the homicide or rape. . . .

D. Boerner, *Sentencing in Washington* § 5.8(a), at 5-18 (1985).

Professor Boerner's thesis frustrates one of the SRA's major purposes — proportionality. RCW 9.94A.010(1). Because, under the SRA, sentences run concurrently, a defendant is actually punished only for the offense that yields the highest offender score. When a current burglary is not counted as a conviction for purposes of calculating the offender score, because it is considered the same criminal conduct as the more serious crime committed during the burglary, the result is disproportionate: to give defendants the same punishment they would have received if they had committed only a first degree kidnapping and never engaged in a burglary is not proportionate treatment.

■ We believe the better approach is to hold the antimerger statute gives the sentencing judge discretion to punish for burglary, even where it and an additional crime encompass the same criminal conduct. As the lead Court of Appeals opinion stated:

> When two statutes appear to conflict, every effort should be made to harmonize their respective provisions. Here, that is easily done by recognizing that application of the burglary antimerger statute is discretionary with the sentencing judge and permits punishment for burglary and other crimes simultaneously committed. This result accords with the well-established rules that the more specific statute controls over a conflicting, more general statute, and that the Legislature is presumed to be familiar with its prior legislation. In this case, then, the antimerger statute controls over the general language as to "same criminal conduct" when the sentencing

judge imposes punishment pursuant to RCW 9A.52.050. Repeals by implication are not favored. If repeal is appropriate, it should be done by the Legislature, not by the courts.

(Footnotes omitted.) *Lessley,* 59 Wn. App. at 464-65 (per Forrest, J.).

Allowing a sentencing judge discretion to apply the burglary antimerger statute serves the SRA's proportionality function. A defendant who commits multiple crimes after breaking into a home should not be able to escape a more serious offender score. This approach recognizes burglaries involve a breach of privacy and security often deserving of separate consideration for punishment.

Affirmed.

DORE, C.J., and UTTER, BRACHTENBACH, ANDERSEN, DURHAM, SMITH, GUY, and JOHNSON, JJ., concur.