

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 35419-9-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DYMON LEE WILLIAMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Dymon Williams appeals from convictions for first degree burglary and three counts of felony violation of a protection order (VPO). We affirm the convictions and remand for the trial court to reconsider Mr. Williams' ability to repay his financial obligations.

FACTS

Mr. Williams was charged in the Yakima County Superior Court with the noted offenses. The VPO charges all arose from an order of protection that prevented Mr. Williams from coming within 1,000 feet of Yolanda Caldera or her home. Williams is the father of two of Ms. Caldera's three children and had briefly lived at her residence in the past.

Despite the protection order, Mr. Williams was present at a birthday party held at Ms. Caldera's home on June 23, 2016. He spent the ensuing night with her. Two nights

later, around 2:00 a.m., he broke into the house through a bedroom window while Ms. Caldera was in the bathroom. When she returned to her bedroom, he confronted her about seeing other men. He took the SIM card out of her telephone so that she could not place a call. When he left around 7:00 a.m., she was able to call a friend to contact the police.

The jury returned guilty verdicts on all four charges and also entered special findings in each case that Williams and Caldera were members of the same household. The court calculated the offender score at 13 for the burglary and 11 for the VPO counts. The court imposed an exceptional sentence of 140 months on the burglary count due to the high offender score resulting in the additional crimes going unpunished.

Mr. Williams appealed to this court. A panel considered the case without hearing oral argument.

ANALYSIS

This appeal challenges the sufficiency of the evidence on the burglary count, the adequacy of counsel's representation at trial, the calculation of the offender score, and the imposition of discretionary legal financial obligations (LFOs). We address the issues in that order.

*Sufficiency of the Evidence*

Review of this issue is in accord with long settled standards. This court reviews the appellate record to determine if there was evidence from which the trier of fact could find each element of the offense proved beyond a reasonable doubt. *Jackson v. Virginia*,

2

443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Green*, 94 Wn.2d 216, 221-222, 616 P.2d 628 (1980).  The reviewing court will consider the evidence in a light most favorable to the prosecution.  *Id.*  The appellate court's focus is on the evidence actually presented to the jury.  *State v. Jackson*, 82 Wn. App. 594, 608, 918 P.2d 945 (1996).  Reviewing courts also must defer to the trier of fact "on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence."  *State v. Thomas*, 150 Wn.2d 821, 874-875, 83 P.3d 970 (2004).  "Credibility determinations are for the trier of fact and are not subject to review."  *Id.* at 874.

As charged in this case, a person commits the crime of first degree burglary if he enters or remains unlawfully in a building and assaults a person therein.  RCW 9A.52.020(1)(b); Clerk's Papers at 157.  Mr. Williams argues that the protection order did not expressly exclude him from Ms. Caldera's residence, thereby preventing his entry from being unlawful.  He also claims that he had Ms. Caldera's implicit permission to be in the building because of his visit two days earlier.[1]  However, because the court order excluded him from the building, she was unable to grant him consent to enter.  *See State v. Sanchez*, 166 Wn. App. 304, 308, 271 P.3d 264 (2012).

---

[1] At trial, defense counsel argued the burglary case on the theory that the State had not proved its case because Ms. Caldera was not a reliable witness and was biased against him.

Thus, the only remaining question is whether the protection order excluded Mr. Williams from the building. It did. The provision in question reads:

> Do not knowingly enter, remain, or come within _____ (1,000 feet if no distance entered) of the protected person's residence, school, workplace, other: ☒ person ☐ children's school or daycare ☐ _____

Ex. 3.

The terms of the order expressly prohibit Mr. Williams from coming within 1,000 feet "of the protected person's residence." Inside the residence is certainly within 1,000 feet of it. The building also was protected while Ms. Caldera was inside since he also could not get within 1,000 feet of her. For both reasons, his entry into her home was unlawful.

The evidence supported the jury's verdict.

*Ineffective Assistance of Counsel*

Mr. Williams next contends that his counsel provided ineffective assistance by failing to object to portions of documents that established his prior convictions for VPO. He has not established that he was prejudiced by the alleged error.

The standards governing this claim are equally well settled. Counsel's failure to live up to the standards of the profession will require a new trial when the client has been prejudiced by counsel's failure. *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions. A strategic or tactical decision is not a basis for finding error.

*Strickland v. Washington*, 466 U.S. 668, 689-691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Under *Strickland*, courts apply a two-prong test: whether or not (1) counsel's performance failed to meet a standard of reasonableness and (2) actual prejudice resulted from counsel's failures. *Id.* at 690-692. When a claim can be resolved on one ground, a reviewing court need not consider both *Strickland* prongs. *Id.* at 697; *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726 (2007).

In instances, as here, where counsel failed to object to the admission of evidence, the *Strickland* standard requires the defendant show that the failure to object fell below professional norms, that the objection would have been sustained, that counsel was not acting for tactical reasons, and that the outcome of the trial would have been different. *State v. Sexsmith*, 138 Wn. App. 497, 509, 157 P.3d 901 (2007). The first three portions of that test address the question of whether counsel erred, while the fourth addresses the question of actual prejudice.

At issue are portions of Exhibits 4, 5 and 6, complaints filed in the Yakima Municipal Court and accompanying fingerprint records from jail booking in those cases. One of the complaints alleged a count of malicious mischief that was dismissed and a violation of a protection order that was proved. Ex. 5. The fingerprint records reflect the arrest on the two charges and on a different VPO charge. Ex. 6.

The exhibits were admissible to prove prior convictions for violation of the protection order, one of the elements of the felony VPO charges. The fingerprint records

were admitted, in conjunction with the testimony of a fingerprint expert, to prove the identity of Mr. Williams as the person who committed the prior offense. This evidence was necessary and clearly was admissible to prove elements of the charges against Mr. Williams. The parties agreed to the admission of redacted copies of the documents that removed references to most other arrests and charges.

Nonetheless, appellant now argues that the references to the malicious mischief charge and other offenses were extremely prejudicial and would have been removed if his attorney had objected at trial. That last point is difficult to determine, just as it is impossible on this record to determine what defense counsel's thinking may have been. The reference to the malicious mischief charge was clearly harmless since the jury was told by the judgment and sentence that the charge was dismissed. The only other offense listed anywhere was a criminal trespass charge mentioned on the fingerprint sheet. Since that charge was in the first position and its removal would have been obvious, it is quite possible that it was left on so that the jury did not speculate that some more significant charge might have been the basis for the arrest.

For those reasons, we do not believe that Mr. Williams has established that his counsel was not acting strategically, let alone shown that counsel erred. He also does not persuasively argue that the reference to two misdemeanor charges, one of which was shown to have been dismissed, was so significantly prejudicial that his right to a fair trial was abridged.

Mr. Williams has not established that his counsel performed ineffectively.

*Same Criminal Conduct*

Mr. Williams argues that the trial court erred by treating the burglary and VPO charges as separate offenses for scoring. The trial court did not abuse its discretion.

The governing principle is found in RCW 9.94A.589(1)(a). When imposing sentence under that subsection, courts are required to include each other current offense in the offender score unless one or more of those offenses constitute the same criminal conduct, in which case they shall be "counted as one crime." The statute then defines that particular exception to the scoring rule: "'Same criminal conduct,' as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id*.

It is the defendant's burden to establish that offenses constitute the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 540-541, 295 P.3d 219 (2013). We review the trial court's ruling on this issue for abuse of discretion. *Id*. at 541. An additional factor at play in this computation is the burglary anti-merger statute. RCW 9A.52.050. This statute gives trial courts the authority to treat burglary offenses separately even when the underlying crime would otherwise constitute the same criminal conduct. *State v. Lessley*, 118 Wn.2d 773, 781-782, 827 P.2d 996 (1992).

Although defense counsel argued that the two offenses should be treated as one, primarily arguing that the assaultive behavior was common to both the burglary and VPO

7

charges, the trial court declined to do so. The court did not explain its reasoning, but several reasons suggest themselves.

First, as the prosecutor argued, the VPO charge was based on the two prior convictions rather than the assaultive behavior. Second, the anti-merger statute gave the court discretion to score the offenses separately even if they otherwise constituted the same criminal conduct. Third, the VPO was established before the burglary was even committed. Mr. Williams only needed to be within 1,000 feet of Ms. Caldera to establish the VPO charge.

For all of those reasons, Mr. Williams cannot establish that the trial court acted on untenable grounds or for untenable reasons. Accordingly, he has not established that the trial court erred in computing his offender score.

*Legal Financial Obligations*

Lastly, Mr. Williams contends that the trial court erred in considering his ability to pay discretionary court costs. We agree and remand for a new sentencing hearing in accordance with *State v. Ramirez*, ___ Wn.2d ___, 426 P.3d 714 (2018).

The trial court imposed a $250 cap on jail incarceration costs, although it did not check the box on the judgment and sentence form that expressly imposed the costs. The court also imposed the mandatory $500 crime victim penalty assessment and the $100 DNA collection fee.

No. 35419-9-III
*State v. Williams*

After the appeal was filed, the Washington Supreme Court released *Ramirez*. Among its holdings, the court concluded that the 2018 amendments governing LFO obligations were retroactive to any case still pending on direct appeal. *Id.* at 722. The court also expanded upon the necessary questions the trial court needed to ask in order to afford a proper understanding of the defendant's ability to pay discretionary LFOs. *Id.* at 722-723.

Here, Mr. Williams challenged the sufficiency of the court's inquiry in his initial brief. After *Ramirez*, we agree that the trial court's inquiry was insufficient. Accordingly, we remand for additional consideration of Mr. Williams' ability to pay incarceration costs and, potentially, the DNA fee. If the court determines it should strike the fees in accordance with its previous ruling, there need not be a new sentencing hearing.

The convictions are affirmed. The case is remanded for consideration of the discretionary LFOs.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Fearing, J.                                        Pennell, A.C.J.

9