# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  50776-5-II |
| Respondent, | |
| v. | |
| ANGELA MAXINE CREAMER, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Angela Creamer appeals from the sentence imposed following her convictions of second degree burglary and second degree theft, asserting that the trial court erred by (1) finding that her offenses did not constitute the same criminal conduct for purposes of calculating her offender score and (2) imposing a criminal filing fee as part of her legal financial obligations.  We affirm the trial court's offender score calculation but remand to the trial court to strike the criminal filing fee.

## FACTS

In 2016, Kevin Chambers legally grew marijuana in an outbuilding on his property in Port Orchard pursuant to a medical authorization.  Chambers was also an authorized provider of medical marijuana for his brother, Kendall Chambers.[1]  On May 31, 2016, Chambers returned home from work and saw that someone had broken into his outbuilding and removed 15 nearly-mature marijuana plants.  Chambers estimated that each plant was worth approximately $500.

---

[1] Because Kevin and Kendall Chambers share a last time, this opinion will hereafter refer to Kendall Chambers by his first name for clarity.  We intend no disrespect.

Chambers called the police. Kitsap County Sheriff Deputy Andrew Hren went to Chambers' property later that evening.

Chambers showed Deputy Hren security video footage of the incident. From the video footage, Chambers identified Creamer as one of the individuals who had entered his outbuilding and had taken his marijuana plants.

At the time of the incident, Chambers had known Creamer for approximately 15 years. Creamer would come to Chambers' property on a daily basis to assist him in cultivating the marijuana in exchange for gas money or marijuana. Two to three weeks before the May 31 incident, Chambers "fired" Creamer and told her "not to come back to my property ever again." Report of Proceedings (RP) (August 15, 2017) at 39-40. The State charged Creamer with second degree burglary and second degree theft.

The matter proceeded to a jury trial, at which witnesses testified consistently with the facts above. The jury returned verdicts finding Creamer guilty of second degree burglary and second degree theft.

At sentencing, Creamer requested the trial court to exercise its discretion to find that her convictions constituted the same criminal conduct for purposes of calculating her offender score. The trial court declined Creamer's request, finding that the crimes involved different victims because both Chambers and Kendall were victims of the theft because there was an expectation that Kendall would be the end user of the marijuana, but that Kendall was not a victim of the burglary. The trial court sentenced Creamer to 30 days of incarceration under a first-time offender waiver based on an offender score of 1. The trial court found that Creamer was indigent

2

and waived all discretionary legal financial obligations but imposed a $200 criminal filing fee,

which fee was then statutorily required. Creamer appeals from her sentence.

ANALYSIS

I. SAME CRIMINAL CONDUCT

Creamer first contends that the trial court abused its discretion by finding that her second

degree burglary and second degree theft convictions did not constitute the same criminal conduct

for purposes of calculating her offender score. We disagree.

RCW 9.94A.589(1)(a) provides in relevant part:

> [W]henever a person is to be sentenced for two or more current offenses, the
> sentence range shall be determined by using all other current and prior convictions
> as if they were prior convictions for the purpose of the offender score: PROVIDED,
> That if the court enters a finding that some or all of the current offenses encompass
> the same criminal conduct then those current offenses shall be counted as one
> crime.

Under this provision, a trial court generally counts multiple current offenses as one crime for

purposes of calculating an offender score if it finds that the multiple current offenses encompass

the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 536, 295 P.3d 219 (2013). To

encompass the same criminal conduct, multiple offenses must (1) require the same criminal

intent, (2) be committed at the same time and place, and (3) involve the same victim. *Graciano*,

176 Wn.2d at 536. The defendant bears the burden of proving that his or her multiple

convictions constituted the same criminal conduct. *Graciano*, 176 Wn.2d at 538-40.

A trial court's same criminal conduct determination is a fact-based inquiry that we will

not disturb absent an abuse of discretion or misapplication of law. *Graciano*, 176 Wn.2d at 536-

37. A trial court abuses its discretion if its decision is manifestly unreasonable or based on

untenable grounds or reasons. *State v. Stearman*, 187 Wn. App. 257, 264-65, 348 P.3d 394 (2015). Notwithstanding RCW 9.94A.589(1)(a)'s same criminal conduct provisions, a trial court has discretion under the burglary antimerger statute, RCW 9A.52.050,[2] to count crimes committed in the commission of a burglary as separate offenses from the burglary even if the crimes would otherwise be considered the same criminal conduct as the burglary. *State v. Lessley*, 118 Wn.2d 773, 779-82, 827 P.2d 996 (1992).

Creamer argues that the trial court abused its discretion in finding that Kendall was a victim of the second degree theft (1) because Kendall was not an "owner" of the stolen marijuana as the term is statutorily defined and (2) because its finding that Kendall was a victim of the theft went beyond the jury's verdict. Creamer's arguments are meritless as she misconstrues the scope of a trial court's same criminal conduct inquiry.

First, regarding Creamer's ownership argument, a theft "victim" for purposes of a same criminal conduct analysis may extend beyond persons with an ownership interest in the stolen property. Whereas former RCW 9A.56.010(11) (2011) defines "owner" as "a person, other than the actor, who has possession of or any other interest in the property or services involved, and without whose consent the actor has no authority to exert control over the property or services," former RCW 9.94A.030(54) (2016)'s definition of "victim" is more expansive and includes "any

---

[2] RCW 9A.52.050 provides, "Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately."

person who has sustained emotional, psychological, physical, or financial injury to person or property as a direct result of the crime charged.[3]"

Here, the evidence at trial showed that Chambers was an authorized medical marijuana provider for Kendall and that some of the marijuana stolen by Creamer was grown for Kendall's eventual use. In light of this evidence, the trial court did not abuse its discretion by finding that Kendall suffered injury as a direct result of Creamer's theft of the marijuana. Moreover, even assuming for the sake of argument that Kendall did not meet the definition of "victim" for purposes of a same criminal conduct analysis, the trial court nonetheless had discretion to punish the theft separately from the burglary under the burglary antimerger statute. RCW 9A.52.050; *Lessley*, 118 Wn.2d at 779-82. Accordingly, Creamer fails to show that the trial court abused its discretion in punishing her theft and burglary convictions separately on this ground.

Regarding Creamer's argument that the trial court's victim finding was outside of the jury's verdict, Creamer does not cite any authority for the proposition that a trial court's same criminal conduct inquiry is limited to facts found by a jury.[4] To the extent that Creamer is claiming that the trial court's same criminal conduct finding violated her constitutional jury trial

---

[3] Former RCW 9A.56.010 was amended in 2017 without change to the definition of "owner." LAWS OF 2017, ch. 266, § 7. Former RCW 9.94A.030 was amended in 2018 without change to the definition of "victim." LAWS OF 2018, ch. 166, § 3.

[4] The entirety of Creamer's argument on this claim is as follows: "For the court to hold Ms. Creamer accountable for two victims is not substantiated by the record, goes outside of the jury verdict and is not upheld by case law." Br. of Appellant at 8.

right, her claim lacks sufficient development to merit judicial consideration.[5]  RAP 2.5(a); *see also State v. Johnson*, ("Parties raising constitutional issues must present considered arguments to this court.  We reiterate our previous position: 'naked castings into the constitutional sea are not sufficient to command judicial consideration and discussion.'"  119 Wn.2d 167, 171, 829 P.2d 1082 (1992) (internal quotation marks omitted) (quoting *In re Rosier*, 105 Wn.2d 606, 616, 717 P.2d 1353 (1986)).

Because Creamer's arguments regarding the trial court's same criminal conduct finding either lack merit or are insufficiently developed to merit review, we affirm the trial court's calculation of her offender score.

## II.  CRIMINAL FILING FEE

Next, Creamer asserts that we must remand to the trial court to strike the $200 criminal filing fee.  We agree.

While this appeal was pending, the legislature amended former RCW 10.01.160 and RCW 36.18.020 to prohibit a trial court from imposing the formerly mandatory $200 criminal filing fee on defendants who are indigent at the time of sentencing.  *State v. Ramirez*, 191 Wn.2d 732, 739, 426 P.3d 714 (2018) (citing LAWS OF 2018, ch. 269, §§ 3, 17).  Our Supreme Court held in *Ramirez* that these recent amendments apply prospectively to defendants like Creamer, whose cases were pending appellate review and were not yet final when the amendments were

---

[5] Moreover, our Supreme Court has held that a trial court's factual findings with regard to a same criminal conduct determination do not implicate a defendant's constitutional jury trial right because "[s]uch a finding can operate *only* to decrease the otherwise applicable sentencing range."  *In re Pers. Restraint of Markel*, 154 Wn.2d 262, 274, 111 P.3d 249 (2005) (alteration in original); *see also Graciano*, 176 Wn.2d at 539-40.  (A trial court's same criminal conduct determination "does not have a constitutional dimension.").

No. 50776-5-II

enacted. 191Wn.2d at 747-49. Here, the trial court found Creamer indigent at the time of sentencing and stated its intention to waive all discretionary legal financial obligations. Accordingly, we remand to the trial court to strike the $200 criminal filing fee from Creamer's judgment and sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Sutton, J.

7