# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                  Respondent,<br><br>v.<br><br>MARC VINCENT ARCHER,<br><br>                  Appellant. | DIVISION ONE<br><br>No. 78619-9-I<br><br>UNPUBLISHED OPINION<br><br>FILED: November 12, 2019 |

DWYER, J. — Marc Vincent Archer was charged with communicating with a minor for immoral purposes and with the attempted rape of a child in the second degree. After a jury trial, he was convicted on both counts. On appeal, he avers that the language of the information charging him with communicating with a minor for immoral purposes was constitutionally deficient, and that the trial court abused its discretion in finding the offenses of which he was convicted did not constitute the same criminal conduct. We affirm.

I

In December 2017, the Washington State Patrol (WSP)'s Missing and Exploited Children Task Force conducted an Internet-based sting operation in Whatcom County with the purpose of identifying people seeking to engage in sexual activities with minors. As part of this effort, WSP Detective Kristal Pohl posted an advertisement in the "casual encounters" section of Craigslist, titled "Yung boi needs teacher," and stating the following:

Im yung and I wanna learn. my friends cant no so im lookin for someone nice to help teach me. ive only done a little and wanna do more. i work out all [the] time so im pretty cut. I really just want to play. never done this before so kinda nervous.

About an hour later, Archer responded to the advertisement by electronic mail from an anonymized Craigslist address. In relevant part, his missive stated:

hi my name is Marc. I Am . . . 55 yrs old. I Would love to get together with you for some awesome sex! I Am very interested in teaching you everything. Hit Me up if you're still looking and interested?

After Pohl replied, "dude im sooo down" from the address "litrooster420@gmail.com," the following exchange occurred:

[ARCHER]: Terrific, I'm glad we found each other. I will enjoy teaching you everything you want to know. We could satisfy all our carnal desires! Lol I am going to get a room Sat afternoon to play in. I'd love to have you cum over around 7. Are you available?

[POHL]: that's cool my mom will be gone all weeked so you could cum here to if u want. im 13, 5'6, 145 wanna text and trade pics?

Archer responded with a nude photograph of himself, to which Pohl responded with a telephone number at which she could be reached, along with a photograph of a fully clothed teenage boy—in fact a dated photograph of a fellow WSP trooper. The two began communicating via text messaging, during which time Pohl identified herself as "Jake." After Archer stated, "I love being fucked," Pohl replied, "I would really really like that. my mom is gone a lot so it wont be hard to sneak you in lol." Archer's reply was, "Me, too! I've never had sex with someone as young as you, it's awesome."

The following evening, Pohl stated that her mom was not home and invited Archer to meet at a park in Bellingham, where Archer was arrested. A

2

search incident to his arrest revealed a cellular telephone, a condom, and lubricant on Archer's person. Subsequently, Archer was charged with communication with a minor for immoral purposes and with the attempted rape of a child in the second degree.

At trial, Archer testified in his own defense, denying his knowledge that "Jake" was a child of 13, and claiming that he would have ended the contact when he discovered this. A jury found Archer guilty on both counts. The trial court determined that the two convictions did not encompass the same criminal conduct and imposed sentences of 9 months for the first count and 76.5 months for the second, to be served concurrently. Archer appeals.

II

Archer's first contention is that the information charging him with communication with a minor for immoral purposes was constitutionally insufficient. This is so, he asserts—for the first time on appeal—because the information did not specifically allege that he intended for his communications to reach a minor person. Archer is wrong, as the information, liberally construed, clearly alleges such intent.

Pursuant to both the Constitution of the United States and the Washington Constitution, an accused has a right to be informed of the criminal charges against him or her to enable adequate preparation of a defense. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22 (amend. X). To ensure the protection of this right, a defendant must be provided a charging document setting forth every material element of the charge or charges against the defendant, along with all

essential supporting facts. State v. McCarty, 140 Wn.2d 420, 425, 998 P.2d 296 (2000).

"The standard of review for evaluating the sufficiency of a charging document is determined by the time at which the motion challenging its sufficiency is made." State v. Taylor, 140 Wn.2d 229, 237, 996 P.2d 571 (2000). When a defendant challenges the sufficiency of the charging document before a verdict is rendered, the charging language must be strictly construed. Taylor, 140 Wn.2d at 237. If the defendant challenges the sufficiency after the verdict is rendered, the charging document must be construed liberally in favor of validity. Taylor, 140 Wn.2d at 237.

A challenge to the sufficiency of a charging document involves a question of constitutional due process and may be raised for the first time on appeal. State v. Leach, 113 Wn.2d 679, 691, 782 P.2d 552 (1989) ("An appellant may at any time claim an error which was not raised in the trial court if the error affects a constitutional right."); RAP 2.5(a)(3). When an appellant raises such a challenge for the first time on appeal, as here, the appropriate standard of review is the two-prong test set forth in State v. Kjorsvik, 117 Wn.2d 93, 106, 812 P.2d 86 (1991) ("The standard of review we here adopt will require at least some language in the information giving notice of the allegedly missing element(s) *and* if the language is vague, an inquiry may be required into whether there was actual prejudice to the defendant.").

To satisfy the first prong, a reviewing court must liberally construe the language of the charging document to determine if it contains the necessary

elements of the crime charged. McCarty, 140 Wn.2d at 425. If the charging document can be construed as containing the required elements, even if only in vague terms, a reviewing court must then determine if the language resulted in any actual prejudice to the defendant (the second prong of the test). McCarty, 140 Wn.2d at 425. However, if the necessary elements cannot be found in or even fairly inferred from the charging document, a reviewing court presumes prejudice without reaching the second prong of the test. McCarty, 140 Wn.2d at 425. The remedy for an insufficient charging document is reversal and dismissal of the charges without prejudice to the State's ability to refile. State v. Quismundo, 164 Wn.2d 499, 504, 192 P.3d 342 (2008).

The information herein alleged Archer committed the crime of communication with a minor for immoral purposes in violation of RCW 9.68A.090(2). That statute states, in pertinent part:

> A person who communicates with a minor for immoral purposes is guilty of a class C felony . . . if the person communicates with a minor or with someone the person believes to be a minor for immoral purposes, including the purchase or sale of commercial sex acts and sex trafficking, through the sending of an electronic communication.

RCW 9.68A.090(2). The information stated:

> That on or about the 13th day of December, 2017, the said defendant, MARC VINCENT ARCHER, then and there being in said county and state, did communicate with a person under the age of 18 years or a person the Defendant believed to be under the age of 18 years, for immoral purposes of a sexual nature, through the sending of an electronic communication; contrary to Revised Code of Washington 9.68A.090, which violation is a class C felony.

Archer contends that the language of the information does not include the nonstatutory element of intent to communicate with a minor—specifically, that the

5

information did not allege that he intended the communication to reach "Jake." Archer cites to State v. Hosier, 157 Wn.2d 1, 133 P.3d 936 (2006), to argue that *intent* for the communication to reach the minor is an essential element of the crime. In Hosier, the Supreme Court held that "[f]oreseeability is not an element of the crime of communicating with a minor for immoral purposes. Rather, the State must prove that the defendant intended that the communication reach the child." 157 Wn.2d at 15.

Archer's challenge turns on the question of whether all of the words used in the information charging him with communication with a minor for immoral purposes would reasonably apprise him of the elements of the crime charged. Kjorsvik, 117 Wn.2d at 109. "Words in a charging document are read as a whole, construed according to common sense, and include facts which are necessarily implied." Kjorsvik, 117 Wn.2d at 109. Liberally construed, the language of the information fairly implies that Archer intended for the communication to reach "Jake." The information alleged that Archer communicated with "Jake," who he believed to be a minor, for immoral purposes of a sexual nature by sending "Jake" an electronic communication. The language "through the sending of an electronic communication" to "a person under the age of 18 years" for immoral purposes of a sexual nature fairly implies that Archer intended the communication to reach the minor.

Kjorsvik is analogous. In Kjorsvik, a defendant challenged his robbery conviction because the charging document omitted the implied essential element of "intent to steal." 117 Wn.2d at 96, 98. The Supreme Court stated that it would

be "hard to perceive how the defendant" could have forcefully taken money from a shopkeeper while brandishing a weapon without intending to steal the money. Kjorsvik, 117 Wn.2d at 110. Likewise, here, because the information alleges Archer sent electronic communication to "Jake," a person he believed to be a minor, it is readily inferred that through this volitional act, he intended for his messages to reach the minor.

Thus, liberally construed, the language of the information contained all of the necessary facts to apprise Archer of the elements of communication with a minor for immoral purposes in violation of RCW 9.68A.090(2).[1]

### III

Archer's second contention is that the trial court erred when it ruled that the two offenses of which he was convicted did not constitute the same criminal conduct for sentencing purposes. This is so, he avers, because the communication with a minor for immoral purposes was part and parcel of his attempted rape of a child. As the offenses occurred at separate times and places and did not require the same intent, Archer is, again, wrong.

A determination of "same criminal conduct" at sentencing affects the standard range sentence by altering the offender score. RCW 9.94A.589(1)(a). "[I]f the court enters a finding that some or all of the current offenses encompass the same criminal conduct then those current offenses shall be counted as one crime." RCW 9.94A.589(1)(a). With respect to prior convictions, even when the

---

[1] We note that Archer does not argue that he was actually prejudiced by the charging language. Thus, his claim of constitutional deficiency also fails on the second Kjorsvik prong. See State v. Nonog, 169 Wn.2d 220, 231, 237 P.3d 250 (2010) (citing Kjorsvik, 117 Wn.2d at 106).

prior sentencing court did not explicitly make a finding of same criminal conduct, if the court ordered that the sentences be served concurrently, the current sentencing court must independently determine whether the prior convictions "encompass the same criminal conduct" and, if they do, must count them as one offense. RCW 9.94A.525(5)(a)(i); State v. Torngren, 147 Wn. App. 556, 563, 196 P.3d 742 (2008).

Crimes constitute the "same criminal conduct" when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1). The legislature intended for the phrase "same criminal conduct" to be construed narrowly. State v. Flake, 76 Wn. App. 174, 180, 883 P.2d 341 (1994). Thus, if any one of the factors is missing, the multiple offenses do not constitute the same criminal conduct. State v. Lessley, 118 Wn.2d 773, 778, 827 P.2d 996 (1992).

Moreover, because a finding by the sentencing court of same criminal conduct always favors the defendant, "it is the defendant who must establish [that] the crimes constitute the same criminal conduct." State v. Aldana Graciano, 176 Wn.2d 531, 539, 295 P.3d 219 (2013). We review the trial court's decision as to whether multiple offenses constitute the same criminal conduct for abuse of discretion. Graciano, 176 Wn.2d at 540. The abuse of discretion standard requires "a clear showing that the exercise of discretion was manifestly unreasonable, based on untenable grounds, or based on untenable reasons." State v. Horn, 3 Wn. App. 2d 302, 312, 415 P.3d 1225 (2018) (citing State v. Dye, 178 Wn.2d 541, 548, 309 P.3d 1192 (2013)).

Archer's conviction on the count of communication with a minor for immoral purposes stemmed from his electronic mails and text messages sent to "Jake." After "Jake" stated that he was 13 years old, Archer responded, "Ok, I would love to see a picture of you." In subsequent text messages, Archer's statements included, "Yes I am still down for some awesome sex!" and "I've never had sex with someone as young as you, it's awesome." Separately in time and place from these communications, Archer arrived at a predetermined location carrying lubricant and a condom with the intent to engage in sexual intercourse with a person he believed to be 13 years old.

It is undisputed that both of these offenses involved the same fictitious "victim." Archer argues that the two crimes also satisfy the other criteria of RCW 9.94A.589(1)(a): He asserts that they were committed at the same time and place, and that they involved the same criminal intent. In support of his argument that the offenses occurred at the same time and place, he relies principally on State v. Longuskie, 59 Wn. App. 838, 847, 801 P.2d 1004 (1990).

In Longuskie, the defendant, a grade school teacher, took one of his students to multiple motels and molested the student. Longuskie was convicted of first degree kidnapping and third degree child molestation. Longuskie, 59 Wn. App. at 840. We held, sua sponte, that the kidnapping and the molestation constituted the same criminal conduct because "child molestation was the objective intent," and the kidnapping "furthered that criminal objective and the crimes were committed at the same time and place." Longuskie, 59 Wn. App. at 847.

9

Here, Archer's conviction for communication with a minor for immoral purposes is not based on the same objective intent as his conviction for attempted rape of a child. His intent in communicating with "Jake" was to entice "Jake" and determine whether "Jake" would engage in an unlawful sexual encounter with him. It was the act of sending "Jake" e-mails seeking this encounter, when he was aware "Jake" purported to be 13, that constituted criminal conduct leading to his conviction of communication with a minor for immoral purposes. This is materially different from his intent when he arrived at the would-be meeting place, *after* engaging in the communication, and with lubricant and a condom at the ready, for the purpose of effectuating said encounter. This intent, to engage in the act of sexual intercourse with a minor child, is the distinct intent on which his conviction for attempted rape of a child in the second degree was predicated.

With ample support in the facts, it is plain that the trial court's determination—that the two offenses did not constitute the same criminal conduct—was not an abuse of discretion.

Affirmed.

WE CONCUR: