# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57827-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JAVONNE OZEKEO MCCRAY, | |
| Appellant. | |

CHE, J. — Javonne McCray appeals his conviction for first degree burglary and first degree robbery, each with a firearm sentencing enhancement. McCray and his brother broke into their friend's apartment. While inside, they brandished a shotgun at the people inside the apartment and demanded money or property to cover the cost of retrieving McCray's vehicle from impound, which their friend had borrowed. The brothers stole several pieces of property from the apartment, and the State charged McCray with first degree burglary and first degree robbery, both counts included a firearm sentencing enhancement.

McCray contends that the State committed prosecutorial misconduct by misstating its burden of proof during closing arguments and this error warrants reversal of his conviction and a new trial. McCray claims that remand to the trial court to strike the victim penalty assessment is necessary. In a statement of additional grounds for review (SAG), McCray argues that the State committed prosecutorial misconduct by arguing facts not in evidence, he received ineffective

assistance of counsel, and his convictions should have been treated as same criminal conduct when calculating his offender score. We affirm McCray's convictions but remand to the trial court to strike the VPA.

## FACTS

McCray lived in an apartment building behind Desire'e Lair's apartment building. Lair borrowed McCray's car, but it stalled on the freeway. Lair parked the car on the side of the road, and the car was later impounded. When Lair was unable to produce the funds to retrieve the car from impound, McCray demanded she give him a game console and her dog, which she refused to do.

Later that day, Lair and her boyfriend, Harold Walker, were lying in bed in the apartment they shared with Brandon Floyd, when they heard a loud "boom" from something hitting their front or back sliding door. Rep. of Proc. (RP) at 230-31. Lair closed her bedroom door. Someone knocked on her door, and when Lair cracked it open she saw McCray's brother, Zaqaui, who said he was arguing with McCray.

When Lair fully opened the door, she and Walker saw McCray standing around the corner pointing a shotgun at them. McCray asked "[w]here is my money for my car or I'm going to take anything I want in this house." RP at 233. Walker noticed the back glass sliding door on the ground. McCray appeared hostile and aggressive, waving the shotgun around and pointing it at Lair, Walker, Floyd, and Floyd's friend, Jones. McCray and Floyd fought, and McCray hit Floyd with the gun three times.

McCray and his brother took two game systems, two televisions, and a surround sound system from the apartment. Lair called 911, and law enforcement responded to the apartment

2

No. 57827-1-II

complex. Officers ultimately detained Zaqaui in the apartment complex and, in the general vicinity of where Zaqaui had walked, they located a shotgun, two game systems, and a game controller.

The State charged McCray with first degree robbery and first degree burglary with a firearm sentencing enhancement. The trial court instructed the jury, in relevant part:

## INSTRUCTION NO. 1

The lawyers' remarks, statements, and arguments are intended to help you understand the evidence and apply the law. It is important, however, for you to remember that the lawyers' statements are not evidence. The evidence is the testimony and the exhibits. The law is contained in my instructions to you. You must disregard any remark, statement, or argument that is not supported by the evidence or the law in my instructions.

## INSTRUCTION NO. 15

A person commits the crime of burglary in the first degree when he or she enters or remains unlawfully in a building with intent to commit a crime against a person or property therein, and if, in entering or while in the building or in immediate flight therefrom, that person or an accomplice in the crime is armed with a deadly weapon or assaults any person.

. . . .

## INSTRUCTION NO. 23

To convict [McCray] of the crime of burglary in the first degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
(1) That on or about July 13, 2019 [McCray] or an accomplice entered or remained unlawfully in a building;
(2) That the entering or remaining was with intent to commit a crime against a person or property therein;
(3) That in so entering or while in the building or in immediate flight from the building the defendant or an accomplice in the crime charged was either
(a) armed with a deadly weapon; or
(b) assaulted a person; and
(4) That any of these acts occurred in the State of Washington.

3

No. 57827-1-II

INSTRUCTION NO. 25

A person is guilty of a crime if it is committed by the conduct of another person for which he or she is legally accountable. A person is legally accountable for the conduct of another person when he or she is an accomplice of such other person in the commission of the crime.

A person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:

(1) solicits, commands, encourages, or requests another person to commit the crime; or

(2) aids or agrees to aid another person in planning or committing the crime.

The word "aid" means all assistance whether given by words, acts, encouragement, support, or presence. A person who is present at the scene and ready to assist by his or her presence is aiding in the commission of the crime. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice.

Clerk's Papers (CP) at 16, 31, 39, 41.

During the State's closing argument, it referenced the sliding glass door as having been "kicked in" or "kicked down." RP at 544, 601. McCray did not object. The State argued that "[McCray and his brother] broke into [Lair's] house at 4:00 a.m., both of them at some point armed with a shotgun, with the intent to take property, whether it's because they are angry or whether it's because they want payment for the car, or, frankly, maybe it's both. They took items, they assaulted people and they left." RP at 602. Additionally, in discussing reasonableness to rob someone over a broken down car, the State argued, "I submit to you, it's not reasonable. Sometimes things don't make sense to us, but to that person, it does. Which is why in your Jury Instructions, [ ] in the convict Instructions, it does not require motive. Defense is asking you to create an additional element that is not there. The State is not required to prove why exactly they barged in with that gun." RP at 598. McCray did not object.

During its deliberation, the jury asked the trial court "What is meant by 'more than mere presence and knowledge?;'" "Does intent require premeditation or can it be in the moment?;" and "If you are an accomplice to crime #1 and an additional crime #2 is committed [within the commission of crime #1] are you then an accomplice to crime #2 even though that was not your original intent?" CP at 11-13. The trial court responded to each of these questions by referring the jury to its instructions and the evidence admitted at trial.

The jury found McCray guilty as charged. At sentencing, the trial court found McCray indigent under RCW 10.101.01(3) and imposed a $500 victim penalty assessment.

McCray appeals.

## ANALYSIS

### I. PROSECUTORIAL MISCONDUCT

A. *State Did Not Misstate Burden of Proof*

McCray argues that the State committed prosecutorial misconduct by misstating during closing argument its burden of proof to prove McCray was an accomplice to first degree burglary. Br. of Appellant at 6. We disagree.

To prevail on a claim of prosecutorial misconduct, McCray must show that the prosecutor's conduct was improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 756, 278 P.3d 653 (2012). If the defendant did not object at trial, the defendant must show that "the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *Id*. at 760-61. In order to show that the prosecutor's conduct was so flagrant and ill-intentioned that no instruction could have cured the resulting prejudice, the defendant must show that "(1) 'no curative instruction would have obviated any prejudicial

effect on the jury' and (2) the misconduct resulted in prejudice that 'had a substantial likelihood of affecting the jury verdict.'" *Id.* at 761 (quoting *State v. Thorgerson*, 172 Wn.2d 438, 455, 258 P.3d 43 (2011)). We "focus less on whether the prosecutor's misconduct was flagrant or ill intentioned and more on whether the resulting prejudice could have been cured." *Id.* at 762. If a defendant fails to demonstrate that the prosecutor's remark was incurable, the claim is waived and we need not consider its merits. *State v. Jarvis*, 27 Wn. App. 2d 87, 106, 530 P.3d 1058 (2023), *review denied*, 2 Wn.3d 1003 (2023).

Here, McCray contends that the State's comment that "[t]he State is not required to prove why exactly they barged in with the gun" amounted to misstating its burden of proof. Br. of Appellant at 6. The State's burden for the element of intent on the burglary charge is to prove beyond a reasonable doubt that McCray or his brother "entered or remained . . . with *intent to commit a crime* against a person or proper therein." CP at 39 (emphasis added). Motive and intent should not be confused—motive is what prompts a person to act or fail to act, while intent refers only to the state of mind with which the act is done or omitted. *State v. Powell*, 126 Wn.2d 244, 261, 893 P.2d 615 (1995).

As to intent, the State argued that McCray and his brother entered the apartment unlawfully "*with the intent to take property*, whether it's because they are angry or whether it's because they want payment for the car or, frankly, maybe it's both." RP at 602 (emphasis added). As to motive, the State commented, "in the convict Instructions, it does not require motive. Defense is asking you to create an additional element that is not there. The State is not required to prove why exactly they barged in with that gun." RP at 598. In context, the State's arguments distinguish between its burden on intent versus motive, the latter of which it is not required to

6

prove. *See State v. Boot*, 89 Wn. App. 780, 789, 950 P.2d 964 (1998) (the State is not required to prove motive as an element of the offense.). Thus the State's comment is not a misstatement of their burden of proof.

Even if we assumed without deciding that the State's comment was improper, McCray fails to show that any prejudicial effect of the State's closing argument could not have been cured by an instruction had he objected. If he had objected, and if the trial court had agreed that the State's comment was inappropriate, the trial court could have instructed the jury to disregard the State's comment and reminded them to follow the trial court's jury instructions.

McCray does not challenge the trial court's jury instruction that the jury "must disregard any remark, statement, or argument that is not supported by the evidence or the law in [the jury] instructions," the instruction identifying the essential elements to convict McCray of first degree burglary, or the instruction that the State must prove every element beyond a reasonable doubt. CP at 16. A curative instruction directing the jury to those jury instructions would have obviated any prejudicial effect of the State's allegedly improper comments. Accordingly, McCray's argument is waived.

B. *"Kicked down the door"*

In his SAG, McCray claims that the State committed prosecutorial misconduct by stating that McCray "kicked down the door," which McCray contends was not supported by the evidence. SAG at 2.

We review a prosecutor's statements in the context of the entire argument, the issues of the case, the evidence addressed in the argument, and the jury instructions. *State v. Brown*, 132 Wn.2d 529, 561, 940 P.2d 546 (1997). Because McCray did not object to the challenged

statement at trial, he must show that the challenged statement constituted misconduct that "was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *Emery*, 174 Wn.2d at 760-61.

Here, although there was no direct evidence that the sliding door was *kicked down*, the evidence was clear that there was a loud "boom" from the door, that Walker saw the door lying on the ground, and that McCray and his brother, as a matter of logical probability, entered through it. Generally, a prosecutor has wide latitude to argue reasonable inferences from the evidence. *State v. Thorgerson*, 172 Wn.2d 438, 448, 258 P.3d 43 (2011). It was not unreasonable to argue the reasonable inference from these facts that McCray and his brother kicked down the door.

Moreover, even if we agreed with McCray that the State's characterization of the door being kicked down was improper, McCray fails to show that an instruction would not have cured any resulting prejudice. *Emery*, 174 Wn.2d at 760-61. Therefore, his prosecutorial misconduct claim is waived.

## II. VICTIM PENALTY ASSESSMENT

McCray also argues that remand to strike the victim penalty assessment (VPA) is necessary. We agree.

A recent amendment to RCW 7.68.035 provides that the VPA shall not be imposed against a defendant if the court finds they are indigent at the time of sentencing, effective July 1, 2023. LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). The amended statute also requires trial courts to waive any VPA imposed prior to the amendment's effective date if the defendant is indigent and moves for such relief. LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(5). Because his

case is on direct appeal, McCray is entitled to the benefit of this statutory amendment. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). The State does not dispute McCray's indigency and does not object to a remand to strike the VPA from McCray's judgment and sentence.

Accordingly, we hold that remand to strike the VPA is appropriate.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

In his SAG, McCray also claims that he received ineffective assistance of counsel. Specifically, he contends that his trial counsel failed to provide him with discovery materials, failed to properly involve him in trial preparations, and failed to object to the State's comments that McCray "kicked down the door." SAG at 2. We disagree.

To prevail on an ineffective assistance of counsel claim, McCray must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. Stenson*, 132 Wn.2d 668, 705, 940 P.2d 1239 (1997). Our scrutiny of counsel's performance is highly deferential; we strongly presume reasonableness. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). To rebut this presumption, a defendant bears the burden of establishing the absence of any conceivable legitimate trial tactic explaining counsel's performance. *State v. Grier*, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011). To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have differed absent the deficient performance. *State v. Thomas*, 109 Wn.2d 222, 226, 743 P.2d 816 (1987). If an ineffective assistance of counsel claim fails to support a finding of either deficiency or prejudice, it fails. *Strickland*, 466 U.S. at 697.

McCray contends that his counsel rendered ineffective assistance by failing to provide him discovery prior to trial and by not providing time for McCray to go over the evidence and "form a proper defense." SAG at 2. Because this claim is predicated on assertions that are outside of our record, we cannot consider this claim. *McFarland*, 127 Wn.2d at 335.

McCray also claims that his counsel was ineffective for failing to object to the State's statements that he and his brother "kicked down the backdoor." SAG at 2. But counsel may have had strategic reasons for not objecting to these comments, such as preferring not to draw the jury's attention to them. See *Grier*, 171 Wn.2d at 32-33; *State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989) ("The decision of when or whether to object is a classic example of trial tactics."). Moreover, the trial court instructed the jury that the lawyers' statements are not evidence and that they must disregard any remark, statement, or argument that is not supported by the evidence. We presume the jury follows the court's instructions. *State v. Kalebaugh*, 183 Wn.2d 578, 586, 355 P.3d 253 (2015).

McCray's claims of ineffective assistance of counsel fail.

## IV. SAME CRIMINAL CONDUCT

Finally, McCray claims in his SAG that his convictions should have been treated as same criminal conduct for purposes of calculating his offender score. This claim fails.

We review a trial court's determination of what constitutes the same criminal conduct for abuse of discretion or misapplication of the law. *State v. Mutch*, 171 Wn.2d 646, 653, 254 P.3d 803 (2011). The trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *Powell*, 126 Wn.2d at 258. We narrowly construe the same criminal conduct analysis to disallow most assertions of same criminal conduct. *State v. Porter*, 133

No. 57827-1-II

Wn.2d 177, 181, 942 P.2d 974 (1997); *State v. Wilson*, 136 Wn. App. 596, 613, 150 P.3d 144 (2007).

Under the burglary anti-merger statute, the trial court had the discretion to score McCray's offenses separately. *State v. Lessley*, 118 Wn.2d 773, 778, 827 P.2d 996 (1992). The anti-merger statute provides: "Every person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary, and may be prosecuted for each crime separately." Our Supreme Court has held that this statute gives the trial judge discretion to punish burglary separately, even if the burglary and another crime encompass the same underlying criminal acts. RCW 9A.52.050.

Here, the trial court exercised its discretion to score McCray's separately under the anti-merger statute. McCray neither argues nor demonstrates that the trial court abused its discretion. As such, this claim fails.

CONCLUSION

In conclusion, we hold that the State did not commit prosecutorial misconduct by misstating its burden of proof during closing or by referencing facts not in evidence. We further hold that McCray did not receive ineffective assistance of counsel and the trial court did not err in not treating his convictions as same criminal conduct. Finally, we hold that remand to strike the VPA is appropriate.

We affirm McCray's convictions and remand to the trial court to strike the VPA.

11

No. 57827-1-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Che, J.

We concur:

Lee, J.

Cruser, C.J.